## A96A0168. ASBERRY v. THE STATE.
### (472 SE2d 562)

BLACKBURN, Judge.

Cedric Asberry appeals the trial court's denial of his motion to dismiss the Georgia Controlled Substances Act charge against him on double jeopardy grounds.

Asberry was indicted for possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. On a separate indictment, returned the same day and arising from the same incident, Asberry and various co-defendants were indicted for violating the Georgia Controlled Substances Act, the facts of which form the basis of the underlying crime necessary to support

---

the possession of a firearm during the commission of a crime charge contained in the first indictment.

On March 6, 1995, the day of the first trial, one of Asberry's co-defendants announced he was not ready to proceed on the Georgia Controlled Substances Act indictment. The State, apparently attempting to accommodate Asberry's co-defendant, proceeded to try Asberry's firearm charges first with the intention of trying the Georgia Controlled Substances Act indictment at a later date. At the time, Asberry pointed out that failing to try both indictments in the same proceeding made no sense because the State would have to prove Asberry violated the Georgia Controlled Substances Act *before* Asberry could be convicted of possession of a firearm with the intent to commit a crime. Over objection, however, the State proceeded to first try the firearm charges separately, which necessarily included proving that Asberry violated the Georgia Controlled Substances Act. Asberry was found guilty of possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon, and sentenced to serve five years in prison. Asberry appealed only his conviction for violation of OCGA § 16-11-106 (b) (4), possession of a firearm during the commission of a crime, involving possession of any *controlled substance as provided in OCGA § 16-13-30*. This Court reversed the conviction in *Asberry v. State*, 220 Ga. App. 40 (467 SE2d 225) (1996).

On April 28, 1995, after his conviction on the firearm charges, Asberry filed a motion in autrefois convict to have the subject Georgia Controlled Substances Act charge dismissed on double jeopardy grounds. The trial court denied Asberry's motion, and Asberry filed this appeal.

Asberry contends that his trial on the Georgia Controlled Substances Act is barred by OCGA § 16-1-7 (a) which prohibits *multiple convictions*, and hence successive prosecutions, for more than one crime if one crime is included in the other. His reliance on this section of the statute is misplaced. The Georgia Supreme Court has ruled that it does not violate substantive double jeopardy to convict a person of both possession of a firearm during the commission of a crime and the underlying crime. *Wiley v. State*, 250 Ga. 343, 351-352 (296 SE2d 714) (1982). The real issue here is whether Asberry's *multiple prosecutions* for crimes arising from the same criminal conduct constitutes procedural double jeopardy. See *State v. Estevez*, 232 Ga. 316, 317-320 (206 SE2d 475) (1974) (explaining the difference between procedural and substantive double jeopardy).

"The first policy underlying the double jeopardy bar is to prevent harassment of the accused by successive prosecutions or the threat of successive prosecutions." *State v. Estevez*, supra at 318. Absent a

showing that the interests of justice demand a severance of the charges, requiring Asberry to repeatedly defend himself in separate criminal trials from charges arising from the same incident, is a violation of his procedural due process rights.

OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." OCGA § 16-1-7 (c) provides: "When two or more crimes are charged as required by subsection (b) of this Code section, the court in the interest of justice may order that one or more of such charges be tried separately."

It is undisputed that the firearm charges and the Georgia Controlled Substances Act charge arose out of the same conduct in the instant case and were known to the proper prosecuting officer at the time of commencing the prosecution. Therefore, we must determine whether the State requested severance and the trial court properly exercised its discretion on March 6, 1995, and ordered that the charges be tried separately in the interest of justice. The burden is on the State to establish that severance under OCGA § 16-1-7 (c) was required in the interest of justice and that the trial court so held at the time of the severance, or that defendant had waived his right to procedural due process. *State v. Evans*, 192 Ga. App. 216, 219 (384 SE2d 404) (1989). No written motion to sever the charges under OCGA § 16-1-7 (c) was filed and no permission of the court was sought by the prosecutor, who simply declared how he was going to proceed at the time of the first trial on March 6, 1995.

The record reflects the following occurred on March 6, 1995: "[Defense Counsel]: Well, Judge it appears to me if the case in chief is the possession with intent to distribute, that is the crime. If — if he's found not guilty of that crime, how could he be found guilty of possessing a firearm in the commission of a crime if the jury finds there's no crime committed. [Prosecutor]: Well, first of all he's trying to tell me how to try my cases and which one I take first. I'm taking the first indictment, Z66266 [possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon saving for later prosecution of the subject violation of the Georgia Controlled Substances Act indictment], period. The Court: He's taking two — 66266 first."

After a discussion and denial of the co-defendant's motion to sever, the court then stated: "Okay. Now, I believe, [prosecutor], you indicated [the] State's intent to begin today with the State vs. Cedric Asberry, Indictment Z66266. Is that correct? [Prosecutor]: That's correct, your honor, sir. The Court: All right. Fine."

OCGA § 16-1-7 (c) provides that the trial court may order a sev-

erance of crimes arising from the same conduct in the interest of justice.

Here, the trial court exercised no discretion on the issue of severance of the charges, but simply acquiesced in the declarations of the prosecutor. It is clear that there was no discussion of the "interest of justice" or a determination by the court that such interest demanded a severance of the charges, which is the only exception permitted to the requirements of OCGA § 16-1-7 (b) for a single prosecution. Thus, there being no proper showing, the severance of the trial of the charges in this case was in violation of OCGA § 16-1-7 (b). This holding makes it unnecessary to address the issue of whether or not the trial court "ordered" the severance as such issue is rendered moot.

The record reflects that the prosecutor without a written motion, insisted upon immediately trying the possession of a firearm during the commission of a crime, Indictment Z66266, and trying the Georgia Controlled Substances Act indictment at a later date.

The record does not reflect any waiver by Asberry of his procedural double jeopardy protections on March 6, 1995, or thereafter. Contrary to the representations of the prosecutor to the second trial judge at the motion hearing on August 10, 1995, the severance of these charges was accomplished by him and not at defendant's request and the transcript of the March 6, 1995, hearing before the first judge clearly reflects the charges were not severed by defendant's agreement as was represented to the second judge. The record establishes that Asberry informed the trial court that it was improper to try the possession of a firearm during the commission of a crime charge and the Georgia Controlled Substances Act charge in separate proceedings. The law will not infer the waiver of an important right unless waiver is clear and unmistakable. *State v. Mason*, 181 Ga. App. 806, 807-808 (353 SE2d 915) (1987). Asberry timely filed his motion in autrefois convict in writing on April 28, 1995, prior to his second trial. Accordingly, the trial court in this case erred in denying Asberry's motion in autrefois convict and in holding that the defendant had waived his right to relief.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996.

*Timothy T. Herring*, for appellant.

*Lewis R. Slaton, District Attorney, John M. Turner, Jr., Rebecca A. Keel, Assistant District Attorneys*, for appellee.