A97A2085. WILSON v. THE STATE.
(494 SE2d 267)

BLACKBURN, Judge.

James Boyd Wilson, Jr. appeals from the denial of his motion and plea in bar of procedural double jeopardy with regard to his indictment on a charge of theft by receiving. Wilson contends that, despite his own confession to theft by taking, the subsequent confession of his minor nephew to the crime prior to the original indictment put the district attorney on notice of the grounds for a charge of theft by receiving against Wilson which should have been pursued in the original proceedings. "The appellate standard of review of a grant [or denial] of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996).

Wilson was indicted on one count of theft by taking in the August 1996 Term of the Troup County Superior Court. The ensuing trial resulted in a hung jury, and the court declared a mistrial on October 2, 1996. Wilson was subsequently reindicted on the original count of theft by taking, as well as an additional count of theft by receiving stolen property.

OCGA § 16-1-7 (b) provides: "[i]f the several crimes arising from

the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." This procedural aspect of double jeopardy, therefore, prevents successive prosecutions for crimes (1) arising from the same conduct, (2) known to the proper prosecuting officer, and (3) subject to jurisdiction in the same court. For procedural double jeopardy to attach, all three prongs must be satisfied.

The facts show that on May 16, 1996, Wilson was arrested for the theft of a pistol from the house of an elderly neighbor. The following day, Wilson voluntarily gave a written confession in which he admitted to taking the gun. On July 8, 1996, Wilson's minor nephew, James Roy Brockway, made a written confession that he had actually taken the pistol and that Wilson "took the rap" to protect him.

Wilson and Brockway testified at trial that Wilson had not been at the victim's house at all on the day that her gun had been stolen, that Brockway stole the pistol in the morning, and he gave it to Wilson later that afternoon. Under these facts, double jeopardy does not bar prosecution of the theft by receiving charge. Based on Wilson's own testimony at trial, two separate crimes, theft by taking and theft by receiving, were committed by two separate individuals at two separate times in the day. See, e.g., *Welch v. State*, 172 Ga. App. 476 (323 SE2d 622) (1984) (double jeopardy not applicable when crimes are divisible). Accordingly, procedural double jeopardy would not apply to the count of theft by receiving brought against Wilson, and we need not consider the other two factors.

Wilson's reliance on *Curry v. State*, 248 Ga. 183 (281 SE2d 604) (1981), does not change this result. In *Curry*, the crimes in question were committed by a single individual at one point in time; therefore, the *Curry* facts satisfied the "same conduct" prong of procedural double jeopardy. As discussed above, the facts of the present case clearly do not.

While the trial court correctly determined that Wilson's procedural double jeopardy plea should be denied, its decision was based solely on the second prong of the procedural double jeopardy test relating to what information was known to the prosecuting attorney. It is unnecessary to address this issue, however, as Wilson's plea fails the first prong of the procedural double jeopardy test as discussed above, and a ruling that is right for any reason will be affirmed. *Ely v. State*, 192 Ga. App. 203, 205 (4) (384 SE2d 268) (1989).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 18, 1997.

*Kenneth D. Teal*, for appellant.

*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Aileen R. Page, Assistant District Attorneys*, for appellee.