## A97A2229. THE STATE v. GOBLE.
### (500 SE2d 35)

SMITH, Judge.

Following a mistrial on rape-related charges and acquittal on other charges arising out of the same incident, appellee Steven Lee Goble was re-indicted. The State added three sodomy-related counts to the re-indictment of the rape offenses. Based upon OCGA § 16-1-7 (b), which requires a single prosecution for all *known* crimes arising from the same conduct, Goble filed a plea in bar of double jeopardy as to the sodomy charges. The trial court granted the plea in bar. The State appeals, claiming lack of prior knowledge of the sodomy offenses. Because Goble failed to show affirmatively that the State had actual knowledge of an act of sodomy prior to the first trial, we reverse.

Because of the issue raised, this appeal necessarily entails a detailed review of sexually graphic testimony and evidence. Goble, a former DeKalb County Police Officer, was originally charged with rape, sexual assault of a person in custody, two counts of violating his oath of office through the commission of the above felonies, and three counts of burglary, with each of the above felonies underlying the burglary charges. While on duty, Goble detained and then escorted an intoxicated woman home after her companion was arrested by Goble's partner for DUI. After arriving at her home, he allegedly assaulted her sexually.

Goble was tried by a jury. The State introduced evidence of an assault on the complainant, as well as testimony from the complainant that Goble committed forcible, vaginal rape on her. The complainant testified that Goble ejaculated in her face, but she never testified to any act of sodomy. The State also produced expert testimony regarding DNA that was retrieved from a semen smear on the complainant's face; DNA analysis identified the semen as Goble's with a probability ratio of five million to one.

Goble testified in his own behalf at trial. His defense was that of consensual sex. In addition, Goble testified that the complainant twice performed consensual, oral sodomy on him. He explained the presence of semen on the complainant's face by testifying that, after consensual, vaginal intercourse, the complainant "got back onto her knees and was sucking me until I ejaculated."

The jury acquitted on the three counts relating to the sexual assault of a person in custody. The jury was unable to reach a verdict on the remaining rape-related counts. A mistrial was declared.

The State re-indicted Goble on the rape charges and, based upon his trial testimony, added three sodomy-related counts to the re-indictment: sodomy; burglary, with sodomy as the underlying felony; and violation of oath of office, with sodomy as the underlying felony.

The defense filed a plea in bar to the added counts. The defense claimed that prosecution on those counts was barred because the State knew that an act of sodomy had been committed prior to the commencement of the first prosecution. OCGA § 16-1-7 (b). In support of the plea in bar, the defense pointed to the State's pre-trial possession of Goble's statement made during a DeKalb Police Internal Affairs investigation. In this statement, Goble described how he and the complainant had engaged in consensual, vaginal intercourse, but failed to mention either of the two acts of oral sodomy about which he testified during trial. The statement did contain the following colloquy, which occurred during the course of questioning about the episode of vaginal intercourse: "[Q:] Where did you ejaculate? [A:] Ah, outside of her. [Q:] Where at, on her? [A:] Not on her. [Q:] Where at? [A:] She licked it off." This last answer, Goble argued, was sufficient to demonstrate the State's knowledge that an act of oral sodomy had occurred.

In response to Goble's motion, the State maintained it was unaware of any acts of oral sodomy until Goble's admission in judicio during the first trial. The State pointed out that the complainant consistently denied that an act of oral sodomy occurred; that in the internal affairs statement Goble did not say he put his penis into the complainant's mouth, as he did at trial; and that the State could not reasonably be expected to prosecute for oral sodomy based on the statement, "she licked it off," without any indication of what or where "it" was.

The trial court granted Goble's plea in bar, finding that the internal affairs statement as cited above "was sufficient to put the State on notice as to conduct by the Defendant which constituted sodomy as defined under the criminal laws of Georgia." We disagree and reverse.

In order to prevent harassment through multiple prosecutions and to ensure judicial finality, if "several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." OCGA § 16-1-7 (b).

In determining what is "known" by a prosecutor, the appellate courts of this State have adopted the late Justice Weltner's approach in his concurrence in *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984): "Properly construed, the statute [OCGA § 16-1-7 (b)] should apply only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings. . . . This would obviate the possibility of a miscarriage of justice in cases where the commission of other crimes arising from the same conduct may *not* be within the actual knowledge of the prosecuting officer actually han-

dling the prosecution." Id. at 519; *Baker v. State*, 257 Ga. 567, 568 (361 SE2d 808) (1987). Moreover, the burden is on the defendant to *affirmatively* show that the prosecuting officer had *actual* knowledge of the crime allegedly subject to a plea in bar under the statute. *Hayles v. State*, 188 Ga. App. 281 (2) (372 SE2d 668) (1988).

Here, it is undisputed that the acts of sodomy arose from the same conduct, in the same jurisdiction, as the other alleged offenses. Accordingly, the issue is whether Goble's internal affairs statement is sufficient to show affirmatively that the prosecuting officer had *actual* knowledge prior to trial that an act of sodomy had been committed, and thus to bar subsequent prosecution for that act. Based upon the record before us, we find that it is not.

Nothing in the record demonstrates the prosecutor's *actual* knowledge — prior to trial — that an act of sodomy occurred during the alleged assault on the complainant. In and of itself, the internal affairs statement that "she licked it off" is ambiguous, especially in the context in which it was given. Moreover, this statement does not necessarily conflict with the complainant's allegation that Goble ejaculated in her face, so as to raise an inference that some other act was being referenced.

Goble makes several arguments in support of his contention that the prosecution had actual knowledge. First, he argues that "surely [the prosecutor] must have wondered, where is the semen," based upon the internal affairs statement and the fact that "only a neat little spot" was found on the complainant's face. Second, he asserts that the prosecutor admitted at the first trial that "oral sex" had occurred. Finally, he contends that from the State's "enormous power to investigate and follow up on such information as provided from the internal affairs statement," the prosecutor should have known about the acts of sodomy. We are unpersuaded by either of these arguments. What the prosecutor "surely wondered" or "should have known" from the small amount of semen found on the complainant's face does not meet an affirmative burden to demonstrate *actual* knowledge, particularly since the complainant explained that she had wiped off her face. The prosecutor's comment during trial, "Other than that, he doesn't mention anything about oral sex in the statement," was made *after* Goble testified on direct to two acts of oral sodomy. At the time, the prosecutor was attempting to introduce Goble's internal affairs statement for impeachment purposes, arguing that it was *inconsistent* with Goble's testimony on direct examination that sodomy occurred.[1] This remark by the prosecutor does not rise to the level of *actual* knowledge *before* trial that sodomy was committed. This is

---

[1] The trial court refused to admit the internal affairs statement for any purpose.

especially true in light of the complainant's repeated denials to investigators that an act of sodomy occurred and the prosecutor's inability to question a criminal defendant regarding a single, ambiguous statement that contradicted the complainant's account of the incident.

The appellate standard of review of a grant of a plea in bar of double jeopardy is whether the trial court's findings support its conclusion that the bar should be applied. *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996). Reviewing the record as a whole, we find that Goble's single, ambiguous comment in the internal affairs statement was insufficient as a matter of law to affirmatively demonstrate the prosecutor's *actual knowledge* prior to trial that an act of sodomy had occurred during the alleged assault on the complainant. Accordingly, the prosecutorial bar created by OCGA § 16-1-7 (b) does not apply. We reverse the ruling of the trial court and remand this case for further proceedings not inconsistent with the holding herein.

*Judgment reversed and case remanded. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1998 —
RECONSIDERATION DENIED MARCH 30, 1998

*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara, Assistant District Attorney*, for appellant.
*Mackinson & Katz, Gail A. Mackinson*, for appellee.