A98A1484. HILL v. THE STATE.
(507 SE2d 3)

JOHNSON, Presiding Judge.

Terrance Hill appeals the trial court's denial of his motion in autrefois convict and plea of former jeopardy. For reasons which follow, we affirm.

The facts in this case are not in dispute. On November 10, 1996, Hill and a companion were stopped by a police officer while riding in Hill's car. While approaching the vehicle, the officer noticed Hill and

his companion making arm movements suggesting to the officer that they might be hiding something under the seats. The officer suspected Hill was intoxicated and asked him to perform field sobriety tests. While Hill was performing these tests, the officer noticed Hill's companion continuing to make arm movements inside the car.

The officer arrested Hill for driving under the influence of alcohol, violating the open container law, and weaving over the roadway. He then searched the car and found a pouch on the floor of the passenger side containing a glass vial of cocaine residue and personal effects of Hill's companion, including his driver's license, checkbooks, two prescription bottles, and a toothbrush. The officer charged Hill's companion with possession of cocaine and violating the open container law. The official lab report from the Georgia Bureau of Investigation bears the name of Hill's companion.

On January 2, 1997, accusations were filed against Hill for driving under the influence of alcohol and violating the open container law. On May 16, 1997, Hill entered a guilty plea to the open container charge and pled nolo contendere to driving under the influence.

During Hill's plea hearing, the assistant solicitor admitted having Hill's file, including the breath test results, a witness list and arrest reports of both Hill and his companion. His companion's arrest report contained all the information regarding the cocaine that was seized from Hill's vehicle. Although the assistant solicitor took the plea, he did not review the file. The file was reviewed by the chief assistant solicitor, who prepared and signed the state's recommendation.

At some point between December 8, 1996 and August 25, 1997, Hill's companion was indicted by the grand jury for possession of cocaine. This prosecution was handled by the district attorney's office, not the solicitor general's office. The arresting officer testified he did not charge Hill with possession of cocaine because the cocaine was found in Hill's companion's personal effects and he did not believe Hill had anything to do with the cocaine. In August 1997, Hill gave his companion an affidavit stating that Hill would testify for the defense that he knew of the cocaine, that the vial was his and that he should have gotten rid of it. Subsequently, Hill was given *Miranda* rights and admitted in a handwritten statement that he had found the vial of cocaine in his car and put it in his cup holder instead of disposing of it.

The district attorney's office then re-indicted Hill's companion and named Hill as a co-defendant on September 24, 1997. Hill filed a motion to dismiss based on double jeopardy, which the trial court denied.

1. Hill contends the trial court erred in denying his plea of double jeopardy. In reviewing a grant or denial of a double jeopardy

plea in bar, this Court determines whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. See *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996).

Under OCGA § 16-1-7 (b), the state is required to prosecute crimes in a single prosecution if the crimes (1) arise from the same conduct, (2) are known to the proper prosecuting officer at the time of commencing the prosecution, and (3) are within the jurisdiction of a single court. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for a crime with which an accused should have been charged in the first prosecution under OCGA § 16-1-7 (b).

In *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987), the Supreme Court held that OCGA § 16-1-7 (b) applies " 'only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings.' " (Emphasis in original.) Subsequent decisions of this Court have held that since a prosecution is commenced with the return of the indictment or the filing of the accusation (OCGA § 16-1-3 (14)), "the prosecuting officer actually handling the proceedings" refers to the attorney who initiates the case, either by filing the accusation or achieving a return of the indictment. See *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995); *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989); see also *Singer v. State*, 156 Ga. App. 416, 417 (2) (274 SE2d 612) (1980). Based on this analysis, knowledge of the attorney who files the accusation or achieves return of an indictment is imputed to an attorney who accepts the plea. *Smith*, supra. We therefore disagree with the state's argument that the assistant solicitor who handled Hill's plea proceeding was the prosecuting officer "actually handling the proceedings" and that, since this attorney did not review the file before taking the plea, it cannot be said that the "prosecuting officer actually handling the case" had actual knowledge of Hill's alleged possession of cocaine.

Nevertheless, *Baker* also mandated that OCGA § 16-1-7 (b) only applies to such crimes which are *"actually* known" to the prosecuting officer, and the record before this Court is void of any evidence showing actual knowledge of Hill's alleged possession of cocaine at the time Hill offered his guilty plea. Under *Baker*, Hill bears the burden of showing that the prosecuting officer had actual knowledge of all the charges. *Baker*, supra; *State v. Goble*, 231 Ga. App. 697 (500 SE2d 35) (1998). "The prosecutor's knowledge of all the *facts* determines whether a single prosecution is required." (Emphasis in original.) *Billups v. State*, 228 Ga. App. 804, 807 (1) (c) (493 SE2d 8) (1997).

In the present case, the accusation was filed by the solicitor general or a member of his office. Therefore, only knowledge of the solicitor general or a member of his office may be imputed to the assistant

solicitor who handled Hill's plea. While Hill states in his reply brief, "[i]t appears that" the chief assistant solicitor fully read the file, he has not shown that anyone in the solicitor's office had *actual* knowledge regarding facts which establish that Hill possessed cocaine. The appellate courts in Georgia have consistently rejected a constructive knowledge or "should have known" standard. *Baker*, supra at 568; *Price v. State*, 206 Ga. App. 161, 163 (1) (424 SE2d 841) (1992). Likewise, Hill's argument that the arresting officer's knowledge can be imputed to the prosecuting officer has been repeatedly rejected by this Court. See *Cates v. State*, 206 Ga. App. 694, 695 (426 SE2d 576) (1992); *Anderson v. State*, 200 Ga. App. 530, 532 (408 SE2d 829) (1991); *Zater v. State*, 197 Ga. App. 648, 649 (1) (399 SE2d 222) (1990).

Hill relies on *Billups*, supra at 806 (1), where we imputed knowledge of the law to a prosecuting officer who had actual knowledge of all relevant facts giving rise to an offense under the law. The prosecuting officer in *Billups* admitted that she read the arrest report and actually knew all the facts and evidence of the defendant's conduct. Id. at 808 (1) (c). It was further undisputed that all the facts known by the prosecuting officer gave rise to an offense under the law. Thus, the prosecuting officer in *Billups* had actual knowledge of all the facts giving rise to the offense. Contrary to Hill's assertion, *Billups* does *not* hold that "information contained in an arrest report that is in the prosecutor's file may be imputed to the prosecutor's knowledge, whether the information was actually noticed by the prosecutor or not."

Hill's argument that the district attorney handling Hill's companion's case had actual knowledge of all the facts giving rise to a possession of cocaine charge against Hill likewise lacks merit. At the double jeopardy hearing, the district attorney handling Hill's companion's case testified that he knew that the arresting officer observed both Hill and his companion making arm movements suggesting they were hiding items under the seats. He further knew that the cocaine was found in Hill's car, that Hill was the individual driving the car, and that Hill was being charged in state court with offenses arising out of the incident. However, the district attorney is not the "prosecuting officer actually handling the proceedings" for the case against Hill and is not even in the same office as the solicitor general who filed the accusation against Hill, the chief assistant solicitor who recommended Hill's sentence, or the assistant solicitor who took Hill's plea. His knowledge of the facts, therefore, is irrelevant.

In this case, unlike many cited by Hill, Hill was not arrested or cited for the crime of possession of cocaine. It is further undisputed that Hill did not confess that the vial of cocaine was his until after

the assistant solicitor took his plea. While knowledge of the solicitor general or chief assistant solicitor may be imputed to the assistant solicitor who took Hill's plea, Hill has failed to prove that these individuals possessed *actual* knowledge, as opposed to constructive knowledge, of any facts establishing Hill's alleged possession of cocaine. This being the case, we need not determine whether the facts in the solicitor's file were sufficient to give rise to the offense of possession of cocaine.

Since Hill has failed to provide this Court with any evidence that the solicitor's office had *actual* knowledge of facts establishing that Hill committed a felony offense that arose from the same conduct as the traffic charges, the state may proceed with its prosecution of the possession of cocaine offense against Hill. See *Baker*, supra; *Goble*, supra. Accordingly, the trial court properly denied Hill's plea of former jeopardy.

2. In his second enumeration, Hill contends the trial court erred in refusing to allow a defense witness to read into the record information contained in arrest reports, finding the information was hearsay. Even if the trial court did err in this regard, any such error did not harm Hill. As Hill admits, the solicitor was asked to read the narrative from the arrest reports "merely in an effort to prove that the facts indicating the existence of the cocaine charge were known to his office at the time of the initial prosecution in State Court." As we have already stated, it is immaterial what the assistant solicitor or the solicitor's office may have known or should have known. Since Hill has not proven that the solicitor's office had *actual* knowledge of any facts establishing Hill's alleged possession of cocaine, he was not harmed by the trial court's refusal to allow the assistant solicitor to read a narrative from the arrest report.

3. Likewise, even if the trial court erred in refusing to admit into evidence the solicitor's file, as alleged in Hill's third enumeration of error, this error did not harm Hill. As with the narrative in the police report, Hill sought to admit into evidence the solicitor's file to establish a complete record of all the information available to the assistant solicitor at the time the plea was entered. Once again, however, it is immaterial what the assistant solicitor or the solicitor's office may have known or should have known. Since Hill has not proven that the solicitor's office had *actual* knowledge of any facts establishing Hill's alleged possession of cocaine, he was not harmed by the trial court's refusal to admit the solicitor's file into evidence.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 14, 1998 —
RECONSIDERATION DENIED SEPTEMBER 1, 1998.

*King, King & Jones, David H. Jones, Bernard S. Brody*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.