## A99A0932. TURNER v. THE STATE.
(518 SE2d 923)

JOHNSON, Chief Judge.

The issue in this case is whether the trial court erroneously denied the criminal defendant's double jeopardy plea in bar. We find the court did not err and affirm the ruling.

Jason Turner allegedly approached a woman standing near her car at a convenience store, snatched the woman's purse, threw her into her car, got in the car himself and tried to drive away. He was unable to leave the convenience store area, however, because two drivers in other vehicles blocked his path. Turner hit the vehicles and then fled on foot from the scene. Police later arrested him at another convenience store.

Turner was charged by accusation in state court with improper backing, leaving the scene of an accident and driving with a suspended license. He entered guilty pleas to those charges and was given a probated sentence. Almost a month after his guilty pleas, Turner was indicted for robbery of the woman's car, robbery of her purse and kidnapping. Turner filed a double jeopardy plea in bar, claiming that he cannot now be prosecuted for the indicted offenses because they should have been brought against him at the same time as the driving offenses. The trial judge denied the plea in bar on the ground that the prosecutor of the driving offenses did not know about the other crimes. Turner appeals from the court's denial of his plea in bar, arguing the evidence shows the prosecutor did in fact know of the other crimes when he prosecuted Turner for the driving offenses. The argument is without merit.

The procedural aspect of double jeopardy is set forth in OCGA § 16-1-7 (b), which prohibits successive prosecutions if several crimes arising from the same conduct are known to the prosecuting attorney at the time of commencing the prosecution and are within the jurisdiction of a single court. *Blackwell v. State*, 230 Ga. App. 611, 612 (2) (a) (496 SE2d 922) (1998). In determining what is known by the prosecutor, the Supreme Court has rejected a subjective knowledge test and instead has adopted an actual knowledge test: OCGA § 16-1-7 (b)

applies only to crimes which are *actually* known to the prosecutor handling the proceedings. *Baker v. State*, 257 Ga. 567, 568-569 (361 SE2d 808) (1987). The defendant therefore bears the burden of affirmatively showing that the prosecutor had actual knowledge of the crime allegedly subject to a plea in bar under the statute. *State v. Goble*, 231 Ga. App. 697, 699 (500 SE2d 35) (1998).

Here, Turner has not carried his burden of affirmatively showing that the prosecutor of his driving offenses in fact knew of the other crimes arising out of the incident at the convenience store.[1] Turner argues the prosecutor had actual knowledge of the other crimes from the accident report supplied to him by the sheriff's department. That report provides:

> The driver of vehicle #1 forced his way into vehicle #1 and attempted to travel west out of the parking lot of 2013 Walton Way (Starvin Marvin). The left side of vehicle #1 struck a pole at the listed location. Vehicle #2 pulled behind vehicle #1 in an attempt to block the exit of vehicle #1. Vehicle #1 then backed east, and the rear of vehicle #1 struck the front of vehicle #2. The driver of vehicle #3 pulled in front of vehicle #1 to block vehicle #1 forward exit. The driver of vehicle #1 then pulled forward, west, and the front of vehicle #1 struck the right side of vehicle #3. The driver of vehicle #1 fled the scene on foot and was apprehended at the corner of Heard Ave at Central Ave. The driver of vehicle #1 was determined at fault for improper backing and hit and run.

Contrary to Turner's argument, the report does not expressly allege that Turner stole the victim's car and purse or that he tried to kidnap her. Although the report states that Turner forced his way into the car he was driving, it does not clearly state that he stole the car. As the prosecutor testified at the plea in bar hearing, the report statement that Turner forced his way into the car did not indicate to him that Turner had stolen the vehicle, but only indicated that Turner was trying to get into the car and leave the scene. The prosecutor further asserted without contradiction that the report gave him no indication that Turner had committed crimes other than the driving offenses. Given the prosecutor's unrefuted testimony, we must agree with the trial court's ruling that the report did not give the prosecu-

---

[1] For purposes of an analysis of the prosecutor's actual knowledge required by OCGA § 16-1-7 (b), we assume without deciding that the driving offenses and the indicted felonies arose out of the same conduct or transaction and are within the jurisdiction of a single court. See generally *McCannon v. State*, 252 Ga. 515, 518, n. 5 (315 SE2d 413) (1984); *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990).

tor actual knowledge of the other crimes allegedly committed by Turner.

Turner also claims the prosecutor knew of the felonies from a booking history showing that Turner was booked into jail on felony charges on the same date he was booked into jail on the traffic offenses. The prosecutor explained, however, that a booking date shows only when a person is put in jail, and does not necessarily indicate the date an offense was committed. Thus, the prosecutor did not know from the booking history when the listed felony offenses occurred, let alone if they arose out of the same transaction as the traffic offenses.

At most, the evidence relied on by Turner shows the prosecutor's subjective knowledge of the other crimes. We therefore are compelled to uphold the trial court's denial of Turner's double jeopardy plea in bar on the basis that Turner did not affirmatively show the prosecutor actually knew of the other crimes when he prosecuted the traffic offenses. See *Hill v. State*, 234 Ga. App. 173, 177 (1) (507 SE2d 3) (1998); compare *Weaver v. State*, 224 Ga. App. 243, 244 (480 SE2d 286) (1997).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 4, 1999.

*Garrett & Gilliard, Michael C. Garrett, Elliott B. Watkins*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.