A02A1678. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.
v. F. S. ASSOCIATES, L.P.
(571 SE2d 527)

ELDRIDGE, Judge.
Plaintiff Shirley Reid allegedly slipped and fell in the vestibule area of appellant/defendant/third-party plaintiff the Great Atlantic & Pacific Tea Company, Inc.'s ("A&P") supermarket located in Conyers, Georgia. She and her husband, Manchester Reid, thereafter sued A&P in the State Court of Cobb County seeking special and gen-

eral damages for personal injuries and loss of consortium, respectively. In discovery, A&P learned that its Conyers landlord, appellee/third-party defendant F. S. Associates, L.P. ("F. S. Associates") had made repairs to the roof of its Conyers store — this purportedly to prevent the accumulation of water on the vestibule floor and approximately six months before Mrs. Reid's fall. A&P, without objection, obtained leave of court to file a third-party complaint[1] against F. S. Associates seeking contribution and indemnification for breach of its duty to repair the roof under the lease agreement. The plaintiffs later amended their complaint, this time seeking punitive damages upon the claim that, knowing of the roof leak over the vestibule to its Conyers store, A&P negligently failed to make repairs to the roof or warn of the hazardous condition; A&P amended its third-party complaint, averring negligence in F. S. Associates for the repairs made to the roof; and Mr. Reid individually dismissed his claims against A&P without prejudice.

A&P now appeals from the state court's grant of summary judgment to F. S. Associates, contending the grant of summary judgment was error as a matter of law in that: (1) the lease was void under OCGA § 13-8-2 (b)[2] as a promise purporting to indemnify the promisee since it required A&P to furnish F. S. Associates liability insurance on the store premises while also requiring the parties to hold each other harmless as to claims and liabilities covered by their respective insurance policies on the property, and (2) even if not in violation of OCGA § 13-8-2 (b), the question of whether F. S. Associates waived its duty to provide F. S. Associates with liability insurance was for the jury. Finding these claims of error to be without merit, we affirm. *Held*:

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405

---

[1] Defendant need not seek leave of court to serve a third-party complaint "if he files the third-party complaint not later than ten days after he serves his original answer. Otherwise[,] he must obtain leave on motion upon notice to all parties to the action." OCGA § 9-11-14 (a).

[2] OCGA § 13-8-2 (b) pertinently provides:

A covenant, promise, agreement, or understanding . . . relative to the construction, alteration, repair, or maintenance of a building structure, . . . purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee is against public policy and is void and unenforceable. . . .

SE2d 474) (1991). Section 4.01 of the lease agreement in issue provided:

> [A&P][3] To Carry Insurance. A&P must carry fire and extended coverage insurance on its store in an amount equal to at least EIGHTY (80%) PERCENT of the insurable value of the improvements, and always adequate to completely repair, restore and rebuild, in the event of destruction or damage by fire, lightning, windstorm, vandalism or other casualty and maintain public liability insurance covering the store premises in limits of not less than ONE MILLION ($1,000,000) DOLLARS per person, FIVE MILLION ($5,000,000) per occurrence and ONE HUNDRED THOUSAND ($100,000) DOLLARS for damage to property, and shall provide OWNER with a certificate of such insurance showing same to be in force and noncancellable without at least TEN (10) DAYS prior written notice to Owner. . . . Owner and the holder of any mortgage or Deed of Trust or Deed to Secure Debt on the Shopping Center shall be named as additional insureds on all policies carried by [A&P] relating to the subject premises. Each party, ("the releasing party") on behalf of each such releasing party and all parties claiming under such releasing party, hereby releases the other party from any and all claims and liabilities arising from or caused by any risks insured by the releasing party. Each party's insurance policies shall contain suitable language acknowledging and accepting the foregoing.

1. Where an insurance clause shifts the risk of loss to the insurance company, notwithstanding which party may be at fault, as here, an indemnification provision is not made void by OCGA § 13-8-2 (b). *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496, 498 (343 SE2d 513) (1986). See *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27, 28-29 (1) (262 SE2d 794) (1980) ("It has been recognized by numerous authorities that where parties to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation to the bargaining parties who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party.") (citations and punctuation omitted). Therefore, OCGA § 13-8-2 (b) is inapplicable, and the state court did not err in granting F. S. Associates summary judgment on the issue of indemnification under the lease agreement.

---

[3] A&P assumed the lease in issue as successor in interest to Grand Union Company.

2. In granting F. S. Associates' motion for summary judgment on A&P's third-party complaint, the state court found, as a matter of law, that F. S. Associates had not waived[4] A&P's duty under the lease to obtain liability insurance for failure to require A&P to produce proof of a policy of insurance showing its compliance with the same.

A&P argues that F. S. Associates' failure to require it to provide F. S. Associates proof of insurance under the lease waived the requirement to provide F. S. Associates insurance thereunder and that the issue of waiver was for the jury. These arguments are misplaced. That A&P would provide liability insurance for the benefit of F. S. Associates under the lease agreement was the fundamental basis upon which F. S. Associates agreed to lease the store premises to A&P. Although by its brief on appeal A&P indicates that it is a self-insured corporation, status as such is immaterial as to its duty to insure F. S. Associates under the lease. See *Everett v. Everett*, 256 Ga. 632, 633 (352 SE2d 370) (1987) (failure to obtain agreed-upon insurance coverage renders one a self-insurer in such amount). Neither does anything of record show waiver in F. S. Associates on this issue, this because F. S. Associates' failure to require A&P to produce proof of insurance for its benefit established not more than presumed regularity in a major corporation. "The law will not infer the waiver of an important right unless waiver is clear and unmistakable. *State v. Mason*, 181 Ga. App. 806, 807-808 (353 SE2d 915) (1987)[, overruled on other grounds, *Watts v. State*, 274 Ga. 373, 375 (552 SE2d 823) (2001)]." *Asberry v. State*, 221 Ga. App. 809, 812 (472 SE2d 562) (1996); see *Croxton v. MSC Holding*, 227 Ga. App. 179, 183 (3) (489 SE2d 77) (1997) (absent unmistakable waiver, the law will not infer waiver of rights given by an employment contract where these are rights upon which the employee conditioned his or her agreement to accept employment); *Erwin v. Gibson*, 205 Ga. App. 136, 137 (421 SE2d 752) (1992) ("There can be no general waiver of what a party has no notice."), citing *City of Albany v. Mitchell*, 81 Ga. App. 408 (59 SE2d 37) (1950); compare *Mahsa, Inc. v. Al-Madinah Petroleum*, 250 Ga. App. 691, 693 (552 SE2d 876) (2001) (no waiver upon ambiguity in a contract). In light of the foregoing, the state court did not err as a matter of law in declining to interpret F. S. Associates' failure to enforce A&P's duty under the lease to provide it proof of liability insurance as a waiver of such requirement. Thus, summary judg-

---

[4] Pertinently, the state court found:

Well, the fact that a party does not run to the other party as to each and every provision of a lease like this which contains, you know, a lot of pages here, a pretty thick lease plus attachments, just because a party doesn't run to the other party and say show me, show me. That does not mean they have waived it. It just means that they have trust between the parties.

ment for F. S. Associates on A&P's third-party complaint was proper in this regard as well.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Richards & Dalton, Charles H. Richards, Jr.,* for appellant.
*Tolliver & Gainer, Samuel J. Crowe, Mabry & McClelland, Beth S. Reeves, Amy K. Radley,* for appellee.