## A07A0029. WHITE v. THE STATE.

(644 SE2d 903)

BERNES, Judge.

Julius White appeals from the order entered by the Superior Court of Chatham County denying his motion to dismiss the indictment on double jeopardy grounds. The superior court concluded that White's motion should be denied because the facts relating to the crime charged in the indictment were not known to the prosecution at the time it commenced its prior criminal action against White. We agree and affirm.

"On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion." (Citations omitted.) *Atkinson v. State*, 263 Ga. App. 274, 276 (3) (587 SE2d 332) (2003).

So viewed, the record reflects that in 2001, White was employed in the receiving department at Friedman's Jewelers distribution center in Chatham County. White's job duties included signing for jewelry items delivered to the receiving dock and then having the items taken upstairs to the distribution center to be inventoried. At that time, Friedman's Jewelers did not have a procedure in place to track or verify that items signed for on the receiving dock were properly taken upstairs to the distribution center.

The loss prevention supervisor at Friedman's Jewelers requested that local law enforcement conduct "pawnshop checks" on employees at the distribution center to determine whether any of them were stealing jewelry. Following an investigation, White plus four other employees were found to have pawned jewelry from the distribution center. With respect to White, law enforcement discovered that over a six-month period, White had pawned 358 pieces of jewelry worth $96,600 at eight local pawnshops. White was interviewed and admitted to the pawns, but he denied taking the jewelry from the distribution center and denied having any other stolen jewelry in his possession.

Following the discovery that jewelry had been pawned, Friedman's Jewelers audited its shipping invoices to determine whether there were any other items missing from the distribution center. Shipping invoices revealed that White had signed for approximately $300,000 worth of additional jewelry that had not been inventoried in the distribution center and that remained missing. However, no further evidence was uncovered about this missing jewelry at that time; as the vice president of loss prevention at Friedman's Jewelers noted, the company "had suspicion," but "didn't have any knowledge," that White had taken these additional items of jewelry.

White was indicted on eight counts of theft by receiving and one count of theft by deception. The indictment specified that the charges were predicated on White's pawning of the 358 pieces of jewelry worth $96,600 at the eight pawnshops. White pled guilty and was given a probated sentence under the First Offender Act.

Thereafter, in October 2004, White was evicted from his residence. During the course of the eviction, a law enforcement officer discovered a toolbox filled with 109 items of jewelry. An investigation revealed that the jewelry had all come from Friedman's Jewelers. Some of the jewelry was further identified as part of the $300,000 worth of additional jewelry found missing in the prior audit of shipping invoices, but the remainder was jewelry that Friedman's Jewelers had never known was missing.

In December 2005, White was indicted on one count of theft by receiving for the jewelry found in the toolbox.[1] White moved to dismiss the indictment on double jeopardy grounds. After an evidentiary hearing, the superior court denied White's motion.

On appeal, White argues that the superior court erred in denying his double jeopardy motion. Relying upon the procedural aspect of double jeopardy set forth in OCGA §§ 16-1-7 and 16-1-8,[2] White contends that his prior guilty plea bars his subsequent prosecution for the jewelry found in the toolbox. We disagree.

"The procedural aspect of the double jeopardy rule prohibits multiple prosecutions arising from the same conduct." (Citations omitted.) *Teal v. State*, 203 Ga. App. 440, 442 (2) (417 SE2d 666) (1992). See OCGA §§ 16-1-7 (b); 16-1-8 (b). Pursuant to OCGA § 16-1-7 (b), the state is required to prosecute crimes in a single prosecution "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court." In turn, OCGA § 16-1-8 (b) (1)

> provides that a subsequent prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based on different facts, if such former prosecution resulted in a conviction or acquittal and the subsequent prosecution: (i) is for a crime that the accused could have been convicted of in the former prosecution; (ii) is

---

[1] The state also filed a petition for adjudication of guilt and imposition of sentence in the first offender case.

[2] White also states that he is challenging his subsequent prosecution on substantive double jeopardy grounds under the federal and state constitutions. Because White provides no argument or citation to authority to support this challenge, we deem it abandoned under Court of Appeals Rule 25 (a) (3) and (c) (2).

for a crime with which the accused should have been charged in the former prosecution; or (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required in the other prosecution or (B) the crime was not consummated when the first trial began.

*Atkinson*, 263 Ga. App. at 276 (3). "A subsequent prosecution is barred by OCGA § 16-1-8 (b) (1) for any crime that should have been prosecuted in the first prosecution under the requirements of OCGA § 16-1-7 (b)." (Citation omitted.) *Honea v. State*, 238 Ga. App. 135 (517 SE2d 841) (1999).

A prerequisite to this type of procedural double jeopardy claim is knowledge of the crimes arising from the same conduct by the proper prosecuting officer who handled the first prosecution. OCGA § 16-1-7 (b). See *Baker v. State*, 257 Ga. 567, 568-569 (361 SE2d 808) (1987). Significantly, in deciding whether the prosecutor had the requisite knowledge, the Supreme Court of Georgia has adopted an actual rather than constructive knowledge test. See id. "The defendant therefore bears the burden of affirmatively showing that the prosecutor had actual knowledge of the crime allegedly subject to a plea in bar under the statute." (Citation omitted.) *Turner v. State*, 238 Ga. App. 438, 439 (518 SE2d 923) (1999).[3]

Here, White contends that his earlier prosecution and plea should have encompassed all jewelry taken from Friedman's Jewelers, including the jewelry later found in the toolbox. White claims that discovery materials served upon him by the prosecutor reflect that at the time of the first prosecution, the prosecutor had actual knowledge that White had committed crimes relating to the jewelry later found in the toolbox. We disagree.

The discovery materials served upon White, as well as the transcript of the evidentiary hearing, reflect that many of the jewelry items in the toolbox were not part of the $300,000 worth of additional jewelry found missing in the audit of shipping invoices conducted at the time of the first prosecution. As such, Friedman's Jewelers did not know, and thus did not inform the prosecutor, that many of the jewelry items found in the toolbox were missing until they were discovered during White's eviction from his residence. Furthermore, White himself denied at the time of the first prosecution having taken

---

[3] Although White contends that the superior court applied an improper standard in evaluating the knowledge component of his double jeopardy claim, his contention is without merit. It is clear from the face of the superior court's order that the court properly evaluated whether the prosecutor had actual knowledge of White's other crimes at the time of the first prosecution.

any items of jewelry other than the ones that he had pawned, and so he too provided no information to the prosecutor about these missing items. Nor is there any evidence that the prosecutor gained actual knowledge about these missing items from any other source.

The remaining jewelry in the toolbox was in fact part of the $300,000 worth of additional jewelry found missing in the prior audit of shipping invoices. Even so, other than the shipping invoices themselves, there was no evidence uncovered at the time of the first prosecution as to why this additional jewelry was missing, or, if it had been improperly taken from the distribution center, whether the culprit was White or one of the other four employees who had been caught stealing. Again, White himself denied at the time that he had taken any jewelry other than the pawned items. Under these circumstances, White cannot demonstrate that the prosecutor had actual knowledge of any crimes committed by White relating to the additional items of missing jewelry. See, e.g., *Turner*, 238 Ga. App. at 439-440; *State v. Goble*, 231 Ga. App. 697, 699-700 (500 SE2d 35) (1998). Although White suggests that the prosecutor should have investigated further and discovered that White had taken the missing items listed in the shipping invoices, the standard for double jeopardy purposes is actual knowledge, not what the prosecutor "should have known." See *Baker*, 257 Ga. at 568-569; *Goble*, 231 Ga. App. at 699 ("What the prosecutor 'surely wondered' or 'should have known' . . . does not meet an affirmative burden to demonstrate *actual* knowledge. . . .") (emphasis in original).

For these reasons, we conclude that the trial court did not err in denying White's double jeopardy motion. As the trial court correctly found, White failed to affirmatively show that the prosecutor actually knew that White had committed other crimes relating to jewelry from Friedman's Jewelers at the time of the first prosecution.

*Judgment affirmed. Blackburn, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED APRIL 6, 2007 — CERT. APPLIED FOR.

*Gabrielle A. Pittman, Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.