## A10A1426. NICELY v. THE STATE.
(699 SE2d 774)

ELLINGTON, Judge.

A White County jury found Willis Nicely guilty beyond a reasonable doubt of possession of cocaine, OCGA § 16-13-30 (a). Following the denial of his motion for a new trial, Nicely appeals, contending, inter alia, that the superior court erred in denying his double jeopardy plea in bar to the cocaine possession prosecution. Specifically, Nicely contends that, once the State prosecuted him for a traffic violation that arose from the same incident and accepted his plea of nolo contendere to that charge, Georgia's procedural bar against double jeopardy barred any prosecution of the cocaine possession charge. For the reasons explained below, we reverse Nicely's cocaine possession conviction.

The record shows that, in the course of investigating possible illegal fishing on Sautee Creek on June 21, 2006, a law enforcement officer for the Georgia Department of Natural Resources arrested Nicely for possession of cocaine after finding one pipe containing cocaine residue in the car Nicely was driving and two pipes Nicely had used to smoke cocaine in his pocket. A White County sheriff's deputy assisted in the investigation and issued Nicely a traffic citation for driving with a suspended license. The traffic citation directed Nicely to appear in the probate court, which hears misdemeanors in White County.

A White County grand jury indicted Nicely for possession of cocaine on October 2, 2006. On October 10, 2006, Nicely appeared in the probate court and entered a plea of nolo contendere to the citation for driving with a suspended license. Later, Nicely filed a plea in bar, requesting that the cocaine possession charge be dismissed. The superior court denied the plea in bar, finding that there was no evidence that the assistant district attorney who represented the State at the hearing where Nicely entered a nolo contendere plea to the traffic citation personally knew of the cocaine possession charge at the time Nicely entered his plea to the traffic citation.

1. In addition to constitutional proscriptions of double jeopardy,

the extent to which an accused may be prosecuted, convicted, and punished for multiple offenses arising from the same criminal conduct is limited even more strictly by the Georgia Criminal Code.[1] Under OCGA § 16-1-7 (b), if "several crimes [1] arising from the same conduct are [2] known to the proper prosecuting officer at the time of commencing the prosecution and are [3] within the jurisdiction of a single court, they must be prosecuted in a single prosecution."[2] "A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b)."[3] In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.[4] A defendant who asserts a plea in bar pursuant to OCGA §§ 16-1-7 and 16-1-8 bears the burden of affirmatively showing that the prosecuting attorney for the State who handled the first prosecution had actual knowledge of the facts supporting the charge allegedly subject to a plea in bar.[5]

---

[1] *McCannon v. State*, 252 Ga. 515, 516-517 (315 SE2d 413) (1984); see id. at 519 (OCGA § 16-1-7 (b) "goes beyond constitutional double jeopardy to afford protection from repeated prosecutions, . . . when the defense of double jeopardy is not available and yet the accused should not be worn down.") (punctuation omitted); *Asberry v. State*, 221 Ga. App. 809, 810 (472 SE2d 562) (1996) ("The first policy underlying the double jeopardy bar is to prevent harassment of the accused by successive prosecutions or the threat of successive prosecutions.") (citation and punctuation omitted).

[2] See *McCannon v. State*, 252 Ga. at 516, n. 1 (" 'Prosecution' means all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal.") (punctuation omitted); *Weaver v. State*, 224 Ga. App. 243 (480 SE2d 286) (1997) (A plea of nolo contendere followed by the court's sentencing constitutes a prosecution under OCGA § 16-1-7 (b).).

[3] (Punctuation and footnote omitted.) *Etienne v. State*, 298 Ga. App. 149, 150-151 (679 SE2d 375) (2009).

[4] *Wilson v. State*, 229 Ga. App. 455, 456 (494 SE2d 267) (1997); see *McCannon v. State*, 252 Ga. at 517, n. 2 (The procedural aspect of double jeopardy is the prohibition of successive prosecutions.).

[5] See *Baker v. State*, 257 Ga. 567, 568-569 (361 SE2d 808) (1987) ("OCGA § 16-1-7 (b) [applies] only to such crimes which are actually known to the prosecuting officer actually handling the proceedings.") (citation, punctuation and emphasis omitted); *Barlowe v. State*, 286 Ga. App. 133, 134 (648 SE2d 471) (2007) (The burden is on the defendant to affirmatively show that the prosecutor handling the proceedings actually knew of the several crimes arising from the same conduct.); *White v. State*, 284 Ga. App. 805, 807 (644 SE2d 903) (2007) ("A prerequisite to [a] procedural double jeopardy claim is knowledge of the crimes arising from the same conduct by the proper prosecuting officer who handled the first prosecution.") (citation omitted) (physical precedent only); *Hill v. State*, 234 Ga. App. 173, 175 (1) (507 SE2d 3) (1998) ("[S]ince a prosecution is commenced with the return of the indictment or the filing of the accusation, 'the prosecuting officer actually handling the proceedings' refers to the attorney who initiates the case, either by filing the accusation or achieving a return of the indictment.") (citations and punctuation omitted); *Billups v. State*, 228 Ga. App. 804, 807-808 (1) (493 SE2d 8) (1997) (Because a prosecutor is "an expert in the law," once a prosecutor reads an arrest report and actually knows all of the facts of the defendant's conduct, he or she is charged with the knowledge of the various crimes that arise from such conduct.); *Zater v. State*, 197 Ga. App. 648, 649 (399 SE2d 222) (1990) (The "proper prosecuting officer" as that phrase

OCGA §§ 16-1-7 and 16-1-8 require a trial court to bar a successive prosecution even when the State's failure to comply with that Code section is by default and not the result of the prosecutor's conscious decision to reserve some of the crimes for a later prosecution.[6] Further, "[t]he law will not infer the waiver of an important right," including the statutory right to be free of successive prosecutions, "unless waiver is clear and unmistakable."[7] Thus, a defendant's failure, before pleading guilty to some offenses, to advise the prosecutor that he or she has other charges pending based on the same incident will not prevent the application of OCGA §§ 16-1-7 and 16-1-8.[8] "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion."[9]

In this case, it is undisputed that the first and third prongs of OCGA § 16-1-7 (b) are satisfied: both the cocaine possession charge and the traffic citation arose from a single transaction; and, both charges were within the jurisdiction of, and could have been tried in, the superior court. The second prong requires identification of the proper prosecuting officer for each offense. In White County, which is part of the Enotah Judicial Circuit, the district attorney functions as the prosecuting attorney for the State in both superior and probate courts. As a result, the district attorney was the proper prosecuting officer for both the felony cocaine possession charge and the misdemeanor traffic citation against Nicely.[10]

---

is used in OCGA § 16-1-7 "means the prosecuting attorney for the State," not the law enforcement officer who performs the arrest.); *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990) ("The phrase 'the same conduct' in [OCGA § 16-1-7] has been used interchangeably with the phrase 'the same transaction.' ") (citation omitted); *Sanders v. State*, 188 Ga. App. 774 (374 SE2d 542) (1988) ("The vital question" for resolving a plea in bar under OCGA §§ 16-1-7 and 16-1-8 "pertains to the prosecuting officer's knowledge of all the charges on [the date] when [the] defendant's guilty plea was accepted" to fewer than all the crimes arising from his conduct.) (physical precedent only). See also Jack Goger, Daniel's Georgia Criminal Trial Practice, § 14-51 (2009-2010 ed.) ("There is no requirement that the court which tried the first case must have also had jurisdiction of the second case.").

[6] *State v. McCrary*, 253 Ga. 747, 748 (325 SE2d 151) (1985).

[7] (Citation omitted.) *Asberry v. State*, 221 Ga. App. at 812.

[8] *Billups v. State*, 228 Ga. App. at 809 (4). We note that, in cases where the proper prosecuting officer handling the first prosecution lacks actual knowledge of other crimes arising out of the same conduct, and, therefore, OCGA § 16-1-7 (b) would not apply to bar a successive prosecution, the defendant can nonetheless "invoke the procedural protection of § 16-1-7 (b) by the simple act of apprising the proper prosecuting officer of the existence of any crimes arising from the same conduct which are not actually known to that officer." *Baker v. State*, 257 Ga. at 569.

[9] (Citation and punctuation omitted.) *Wilson v. State*, 229 Ga. App. at 455.

[10] See *Mack v. State*, 249 Ga. App. 424 (547 SE2d 697) (2001) (In Dougherty County, which is not served by a solicitor-general, the district attorney functions as the chief prosecutor both in the superior court and in the state court, which hears misdemeanors.).

By virtue of having achieved the return of an indictment on the cocaine possession charge on October 2, 2006, the district attorney, as a matter of law, had actual knowledge of that charge, which is the charge that Nicely claims is subject to a plea in bar under OCGA §§ 16-1-7 and 16-1-8, on the date of the first prosecution, that is, Nicely's nolo plea to the traffic citation in the probate court on October 10, 2006.[11]

Further, the district attorney's actual knowledge of the cocaine possession charge is imputed to the assistant district attorney who acted in the district attorney's place in representing the State in the prosecution of the traffic citation in the probate court.[12] We conclude, therefore, that the several crimes arising out of Nicely's conduct on June 21, 2006, were as a matter of law known to the proper prosecuting officer at the time of the first prosecution, and the second prong of OCGA § 16-1-7 was satisfied.[13] It follows that the October 2007 trial as to the charge of cocaine possession was a successive prosecution for already-prosecuted conduct, and the superior court erred in rejecting Nicely's plea in bar pursuant to OCGA §§ 16-1-7 and 16-1-8.[14]

---

[11] *State v. Smith*, 259 Ga. 352, 353 (381 SE2d 37) (1989) ("[T]he district attorney's name on the accusation and the indictment is conclusive circumstantial evidence that the district attorney had actual knowledge of all the offenses arising from the same conduct and the pendency of both prosecutions but chose to proceed separately as to each.") (citation and punctuation omitted).

[12] *Hill v. State*, 234 Ga. App. at 175-176 (1) (The actual knowledge of a solicitor-general or a member of his office, who initiated a case by filing an accusation, was imputed to another attorney and member of the solicitor's office who accepted the defendant's plea.); see also *Powe v. State*, 181 Ga. App. 429, 431 (352 SE2d 783) (1986) (While it may be reasonable to impute the knowledge of one prosecuting officer to others working in the same office, that is, within the office of the district attorney or within the office of the solicitor-general, the knowledge of one prosecutor will not be imputed to another prosecutor in an entirely separate prosecuting office.).

[13] We are mindful that a tribunal such as a recorder's court, municipal court, probate court, or state court may process a great volume of traffic citations, ordinance violations, and other minor charges. When an assistant district attorney or an assistant solicitor appears as the State's attorney at a busy hearing for the taking of pleas in such cases, the attorney may not have the opportunity to review anything more than a citation, which may give no hint of more serious charges potentially arising out of the same transaction. See, e.g., *Bonner v. State*, 249 Ga. App. 358, 359 (548 SE2d 84) (2001). Because the office of the district attorney is an entirely separate prosecuting office from the office of the solicitor-general, any knowledge that a district attorney may have about pending or potential felony charges will not be imputed to an assistant solicitor who accepts a plea to a related minor charge. *Powe v. State*, 181 Ga. App. at 431. In a jurisdiction that is not served by a solicitor-general, however, the fact that a single prosecuting office represents the State in all criminal matters may make an unintentional violation of the rule against successive prosecutions more likely, as occurred in this case. Georgia's double jeopardy statutes, as interpreted by our appellate courts, however, dictate this result.

[14] *State v. Smith*, 259 Ga. at 353 (Where the defendant entered a guilty plea in state court on an accusation charging him with driving with a suspended license, and where the district attorney's name appeared both on the accusation and on an indictment for several drug

2. In light of our ruling in Division 1, Nicely's remaining claim of error is moot.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JULY 28, 2010.

*Nathanael A. Horsley*, for appellant.

*N. Stanley Gunter, District Attorney, Cathy Cox-Brakefield, Assistant District Attorney*, for appellee.

---

charges arising out of the same transaction, which established that as a matter of law the district attorney had actual knowledge of all of the offenses, the trial court erred in denying the defendant's plea in bar to the drug charges, despite evidence that "the assistant district attorney who handled the plea on the traffic case had no knowledge of the drug charges and was not even with the district attorney's office at the commencement of the prosecution[.]"); *Etienne v. State*, 298 Ga. App. at 150-151 (Where the solicitor who handled the defendant's guilty plea to failure to maintain lane in magistrate court knew that the defendant had been charged with additional offenses stemming from the accident, including serious injury by vehicle, the trial court erred in denying the defendant's plea in bar to the additional offenses.); *Mack v. State*, 249 Ga. App. at 426-427 (Where the defendant was found guilty in state court of misdemeanor criminal trespass, and where the district attorney's name appeared both on the accusation for criminal trespass and on an indictment for aggravated assault and other charges arising out of the same transaction, which established that as a matter of law the district attorney had actual knowledge of all of the offenses, the trial court erred in denying the defendant's plea in bar to the more serious charges, despite the testimony of the assistant district attorney who handled the misdemeanor trial that he did not know of the other offenses at the beginning of the trial in state court.); *Billups v. State*, 228 Ga. App. at 808 (1) (Where the solicitor who handled the defendant's guilty plea to reckless conduct in state court knew all the facts that supported a charge of aggravated assault arising from the same conduct, the trial court erred in denying the defendant's plea in bar.).