46746. THE STATE v. SMITH.
(381 SE2d 37)

CLARKE, Presiding Justice.

OCGA § 16-1-7 proscribes multiple prosecutions for the same conduct. OCGA § 16-1-7 (b) provides that

[i]f several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section.

Subsection (c) provides that the court may, in the interest of justice, order that one or more charges be tried separately.

We accepted the state's petition for certiorari in this case to consider the question whether the "proper prosecuting officer at the time of commencing the prosecution" in OCGA § 16-1-7 (b) is the district attorney or whether the prosecuting officer is the assistant district attorney who is actually responsible for the prosecution of the case?

Defendant was charged by an accusation of driving with a suspended license and by a separate indictment of three counts of violation of the controlled substances act. After an assistant district attorney arranged a plea bargain under which he pled guilty to driving without a license, the defendant was sentenced. Defendant was then scheduled for trial on the controlled substance violations for which he had been separately indicted.

Defendant moved to quash the indictment on the ground that the charges of controlled substance violations arose out of the same transaction as the driving without a license charge to which he had pled guilty. The trial court denied the motion. The Court of Appeals reversed, finding that all the charges arose out of the same transaction and that the "proper prosecuting officer" was the district attorney. *Smith v. State,* 190 Ga. App. 246 (378 SE2d 493) (1989). The Court of Appeals found that at the commencement of the proceedings "with the return of the indictment or the filing of the accusation," OCGA § 16-1-3 (14), the district attorney had actual knowledge of all of the charges and the pendency of both prosecutions.

The state argues that because the assistant district attorney who handled the plea on the traffic case had no knowledge of the drug charges and was not even with the district attorney's office at the commencement of the prosecution, the statute was not violated. The

state insists that the decision of the Court of Appeals conflicts with *Baker v. State,* 257 Ga. 567 (361 SE2d 808) (1987) and *Powe v. State,* 257 Ga. 563 (361 SE2d 811) (1987), in which this court declined to impose the "constructive knowledge standard" upon prosecutors, holding that the statute applies " 'only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings.' " *Baker v. State,* supra at 568-69, quoting from concurring opinion of Justice Weltner in *McCannon v. State,* 252 Ga. 515, 519 (315 SE2d 413) (1984).

These cases are distinguishable from the present case in two respects: 1) the proceedings arising from the same conduct in those cases took place in different courts (in both *Powe* and *Baker* there was a guilty plea to a traffic violation in state court and a felony charge arising from the same transaction in superior court); 2) *Powe* and *Baker* clearly involved different prosecuting officers for the different charges in different courts. Here, the Court of Appeals' reasoning is based on the fact that the district attorney's name (although not his signature) was on the accusation and the indictments as to all charges. Therefore, he was the proper prosecuting officer from the beginning. We agree with the Court of Appeals' conclusion that the district attorney's name on the accusation and the indictment is "conclusive circumstantial evidence that the district attorney had actual knowledge of all the offenses arising from the same conduct and the pendency of both prosecutions . . . but chose to proceed separately as to each." *Smith v. State,* 190 Ga. App., supra at 247.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Bell, J., who concur in the judgment only. Weltner and Hunt, JJ., not participating.*

DECIDED JULY 13, 1989.

W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney, for appellant.
Virgil L. Brown, for appellee.