## A07A0769. BARLOWE v. THE STATE.
(648 SE2d 471)

PHIPPS, Judge.

Mark Whitney Barlowe appeals from the denial of his plea in bar, claiming that the denial violated the prohibition against successive prosecutions under OCGA § 16-1-7 (b). Finding no error, we affirm.

In determining whether a trial court properly denied a plea in bar "[w]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts."[1] The undisputed evidence shows that on October 15, 2005, Barlowe, who was under the age of 21, was cited for possession of alcohol by a minor. Barlowe had gone to a movie theater that day with his sister and two other girls, all of whom were minors. An officer with the Clayton County Police Department, who was providing security at the theater, noticed that Barlowe smelled of alcohol, and a beer can was found under Barlowe's theater seat. Barlowe was charged on accusation for underage possession of alcohol in the State Court of Clayton County on November 14, 2005.

After leaving the movie theater on October 15, one of the girls who had accompanied Barlowe stated that Barlowe had touched her inappropriately during the movie. The girl's parents contacted the police, and the matter was investigated by an officer with the City of Morrow Police Department who was not involved with Barlowe's possession of alcohol citation. Barlowe was charged with child molestation and sexual battery.

On December 1, 2005, a Clayton County assistant district attorney received a file on the Barlowe case that included a police report on the molestation and sexual battery charges. This police report indicated that Barlowe had also been cited with possession of alcohol. Barlowe's counsel asked the assistant district attorney in December to charge Barlowe with possession of alcohol along with molestation and sexual battery in the superior court, but the assistant district attorney did not take any action to move the possession of alcohol charge from state court to superior court so that all of the charges could be prosecuted together.

On January 27, 2006, Barlowe pled guilty in state court to the misdemeanor possession of alcohol charge. On April 12, 2006, he was indicted in superior court on the felony molestation and sexual battery charges. Barlowe then sought to bar his prosecution in the superior court on these charges, asserting that they should have been

---

[1] *Summers v. State*, 263 Ga. App. 338, 338 (587 SE2d 768) (2003) (citation omitted).

prosecuted with the possession of alcohol charge. The superior court denied Barlowe's plea in bar.

"[A] successive prosecution is barred when the conduct of an accused establishes more than one crime and they are not prosecuted in accordance with OCGA § 16-1-7 (b)."[2] Section 16-1-7 (b) provides, in pertinent part, that

> [i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution.

For OCGA § 16-1-7 (b) to apply, the prosecutor handling the proceedings must actually know of the crimes.[3] "The burden is on the defendant to show such knowledge on the part of the prosecuting officer."[4]

The prosecuting officer in the state court is the person whose knowledge matters in this case, because Barlowe's plea in state court is the proceeding that he claims bars his superior court prosecution. Where a criminal defendant first pleads guilty to a misdemeanor in state court and is later prosecuted in superior court for felony charges allegedly arising out of the same conduct, we look to the knowledge of the state court solicitor to determine if the state court proceedings bar the subsequent superior court proceedings.[5] Here, a showing was made as to the knowledge of the assistant district attorney who prosecuted the sexual battery and molestation charges in superior court, but there is no evidence in the record concerning the knowledge of the officer who handled the first prosecution in state court. The trial court, therefore, properly denied the plea in bar.[6]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

## DECIDED JUNE 25, 2007.

---

[2] *State v. McCrary*, 253 Ga. 747, 748 (325 SE2d 151) (1985).

[3] *Turner v. State*, 238 Ga. App. 438, 438-439 (518 SE2d 923) (1999).

[4] *Mack v. State*, 249 Ga. App. 424, 425 (547 SE2d 697) (2001) (footnote omitted).

[5] See *Powe v. State*, 257 Ga. 563, 564 (361 SE2d 811) (1987) (finding "proper prosecuting officer" was assistant state court solicitor who handled taking of guilty plea); *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987) (finding guilty plea to misdemeanor charge in state court did not bar later prosecution of felony charge arising from same conduct, where defendant did not establish that state court solicitor had actual knowledge of felony charge); *Turner*, supra at 440 (same).

[6] Because Barlowe failed to demonstrate the prosecuting officer's actual knowledge, we do not reach the issue of whether the crimes charged against Barlowe arose from the same conduct.

*Jason S. Monroe*, for appellant.
*Jewel C. Scott, District Attorney, Jonathan O. Oden, Assistant District Attorney*, for appellee.