A11A0525. DEAN v. THE STATE.
(711 SE2d 42)

McFADDEN, Judge.

Martha Darlene Dean appeals from the denial of her motion to dismiss on double jeopardy grounds. She argues that pursuant to OCGA § 16-1-7 (b), this prosecution is precluded by her prior guilty plea to other charges arising from the same conduct. We agree and reverse.

The underlying facts are not in dispute. On May 21, 2009, Dean drove down Poplar Springs Road just outside the city limits of Ringgold, Georgia to Highway 151. She turned left onto Highway 151 and collided with another vehicle. Rather than stop her car, Dean continued down Highway 151, where she collided with yet another vehicle. She drove on, entered the Ringgold city limits, and collided with a third vehicle, leaving her car disabled. At that point, a Georgia State Patrol ("GSP") trooper and a Ringgold police officer responded. The trooper cited Dean for driving under the influence of drugs, leaving the scene of the first two collisions, and several other traffic offenses. She also received citations from the Ringgold officer for DUI and traffic offenses committed within the Ringgold city limits.

The Ringgold city citations directed Dean to appear in Ringgold Municipal Court on June 15, 2009. On that date, Dean demanded a jury trial, and the municipal court transferred the case to the Superior Court of Catoosa County. In the meantime, prosecution on

the GSP citations proceeded in the Probate Court of Catoosa County. The attorney representing Dean informed the probate court solicitor about the pending Ringgold city charges, then negotiated a plea agreement regarding the GSP citations. Pursuant to that agreement, Dean pled guilty in probate court on December 17, 2009, to DUI and following too closely. The remaining GSP charges were nolle prossed.

In June 2010, Dean moved to dismiss the Ringgold city charges pending in superior court, arguing that resolution of the GSP citations precluded further prosecution of the Ringgold offenses. The trial court denied the motion, and this appeal followed.

Dean's argument focuses on the procedural double jeopardy protection set out in OCGA § 16-1-7 (b), which provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." This provision was "designed to protect an accused against the harassment of multiple prosecutions arising from the same conduct." *Waites v. State*, 238 Ga. 683, 684 (2) (235 SE2d 4) (1977). Where the facts are not in dispute, we review the trial court's ruling on a procedural double jeopardy claim de novo. *Barlowe v. State*, 286 Ga. App. 133 (648 SE2d 471) (2007).

Addressing the first requirement of OCGA § 16-1-7 (b), Dean contends that all of the citations she received on May 21, 2009, arose from the same conduct. We agree. The term "same conduct" is used interchangeably with the phrase "same transaction." *Morgan v. State*, 220 Ga. App. 198, 199 (469 SE2d 340) (1996). We also consider whether the offenses at issue "arose out of one course of conduct." *Anderson v. State*, 200 Ga. App. 530, 532 (408 SE2d 829) (1991) (numerous traffic violations committed during lengthy police chase that began within a Clarke County municipality and continued into unincorporated Clarke County arose out of same conduct).

The State argues on appeal that the charges against Dean arose from distinct and independent criminal conduct that cannot be characterized as a single transaction. Each charge, however, resulted from Dean's erratic driving on May 21, 2009. There was no break in the action; she drove down the road, colliding with cars and committing numerous traffic violations in two jurisdictions until a final collision left her vehicle disabled within the city limits of Ringgold. While her actions "gave rise to several offenses, all of the offenses arose out of one course of conduct, i.e., there was only one transaction." *Anderson*, supra at 532. The record thus shows that all charges involved the same conduct for purposes of OCGA § 16-1-7 (b). See id.; see also *Morgan*, supra at 200 (offenses that "were part of an ongoing chain of events" arose out of same conduct).

The evidence further shows that the "proper prosecuting officer" was aware of all charges when Dean entered her plea. "For OCGA § 16-1-7 (b) to apply, the prosecutor handling the proceedings must actually know of the crimes." (Footnote omitted.) *Barlowe*, supra at 134. According to the State, the knowledge we must consider is that of the district attorney, who is handling the matter in superior court. The question, however, is whether Dean's plea in probate court bars a subsequent prosecution. The only "knowledge" that matters, therefore, is the knowledge of the prosecutor who handled that plea — the probate court solicitor. See id. (knowledge of prosecutor who dealt with prior plea is key factor in determining whether plea bars further prosecution under OCGA § 16-1-7 (b)); see also *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010) (defendant must show that "prosecuting attorney for the State who handled the first prosecution had actual knowledge of the facts supporting the charge allegedly subject to a plea in bar").

Although the State suggests that a probate court solicitor is not a "prosecuting officer," the phrase "proper prosecuting officer" refers to "the prosecuting attorney for the State." (Citation, punctuation and emphasis omitted.) *Price v. State*, 206 Ga. App. 161, 162 (1) (424 SE2d 841) (1992). The probate court solicitor testified that he prosecutes cases in the Probate Court of Catoosa County. He further testified that during plea negotiations, defense counsel informed him of the Ringgold city charges pending against Dean. Under these circumstances, the proper prosecuting officer actually knew about all pending charges.

Finally, we must conclude that all charges fell within the jurisdiction of a single court. In denying Dean's plea in bar, the trial court found that the probate court lacked jurisdiction to prosecute the Ringgold city charges. This finding was correct, particularly given Dean's demand for a jury trial with respect to those offenses. See OCGA § 40-13-23 (probate court cannot dispose of traffic misdemeanor cases unless defendant waives trial by jury). But the issue is whether *any* court had jurisdiction over all offenses. See *Mann v. State*, 160 Ga. App. 527, 528-529 (287 SE2d 325) (1981) (plea to misdemeanor offenses in state court precluded subsequent prosecution for felony arising out of same conduct; although state court lacked jurisdiction over felony, superior court had jurisdiction over all offenses); *Brock v. State*, 146 Ga. App. 78, 80 (245 SE2d 442) (1978) (same).

The superior court clearly had jurisdiction over the misdemeanor charges bound over to it from Ringgold Municipal Court. And it also had jurisdiction to hear the misdemeanor offenses pending in the Probate Court of Catoosa County. See *Gregg v. State*, 253 Ga. App. 243, 244 (2) (a) (588 SE2d 729) (2001) ("Georgia

superior courts have concurrent jurisdiction over misdemeanors with inferior courts."). Simply put, "[a]ll of the known offenses were within the jurisdiction of a single court — the superior court." *Brock*, supra.

The multiple charges against Dean could have — and should have — been prosecuted at the same time and in the same court. Accordingly, the probate court's resolution of the GSP citations bars this superior court prosecution. See OCGA § 16-1-7 (b); *Nicely*, supra at 390; *Brock*, supra at 82-83.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 2011.

*William B. Mills*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Melissa A. Pittman, Assistant District Attorney*, for appellee.