**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2015**

# In the Court of Appeals of Georgia

A14A2197. SELLERS v. THE STATE.

BARNES, Presiding Judge.

Charles Dewey Sellers allegedly fled from the scene of a traffic stop, leading the police on a high speed car chase in which he struck another vehicle, discarded cocaine from his car window, and attempted to bribe a police officer following his apprehension. After pleading guilty in state court to the traffic offense of following too closely, Sellers was indicted in superior court on charges of trafficking in cocaine, possession of cocaine with intent to distribute, abandonment of drugs in a public place, bribery, and fleeing or attempting to elude a police officer. Sellers filed a motion in autrefois convict and plea of former jeopardy (the "procedural double jeopardy motion"), contending that all counts of the indictment returned in superior court should be dismissed as a result of his guilty plea in state court. Sellers also filed a motion to suppress the cocaine, contending, among other things, that the traffic stop

had been unreasonably prolonged and that the cocaine allegedly discarded from his vehicle was the tainted fruit of his unlawful detention.

The superior court denied Sellers's procedural double jeopardy motion, with the exception of the charge for fleeing or attempting to elude a police officer, which the court found was barred as a result of Sellers's prior guilty plea in state court. The superior court also denied Sellers's motion to suppress. Sellers now appeals these rulings.[1] We affirm the superior court's partial denial of the procedural double jeopardy motion because Sellers failed to establish that the solicitor who handled his guilty plea in state court actually knew of the other crimes arising out of the same conduct as the traffic offense to which he pled guilty. We affirm the superior court's denial of the motion to suppress because the discarded cocaine was not tainted by any alleged illegality in Sellers's detention.

Construed in favor of the trial court's rulings, the record shows that after receiving information from a confidential informant that Sellers possessed a large amount of cocaine, an investigator with the City of Brunswick Police Department and

---

[1] A "timely filed plea of double jeopardy is directly appealable." *Malloy v. State*, 293 Ga. 350, 352 (1) (744 SE2d 778) (2013). Given Sellers's right to directly appeal the denial of his procedural double jeopardy motion, he was entitled to seek appellate review of the denial of his motion to suppress pursuant to OCGA § 5-6-34 (d). See id.

2

other members of his narcotics enforcement team conducted surveillance of Sellers over the course of several days on Jekyll Island. On June 6, 2013, the investigator received additional information that Sellers might be involved in a large drug transaction and might be leaving town that day. After observing Sellers driving away from Jekyll Island around noon, the investigator radioed the make, model, and tag number of Sellers's vehicle to a trooper with the Georgia State Patrol who was involved in the surveillance operation.

The state trooper identified and began to follow Sellers's vehicle as it left Jekyll Island and proceeded down a highway in Glynn County. Believing that the tint on the windows of Sellers's vehicle was darker than was legally permissible, the trooper initiated a traffic stop. The trooper approached the stopped vehicle, asked to see Sellers's driver's license, and tested the tint on the car windows using a tint meter. Although the meter showed that the window tint was within the legal limit, the trooper told Sellers that he would issue him a written warning for purposes of "documentation." The trooper also asked Sellers if he could search his vehicle, and Sellers consented. The trooper then returned to his patrol car and radioed for assistance from another officer in conducting the search.

Before the other officer arrived at the scene or the search had been conducted, Sellers, who had not yet received his driver's license back or the written warning, drove off at a high rate of speed into heavy traffic. A police chase ensued in which Sellers "followed really close to two or three . . . [other] cars" on the highway as he attempted to evade the police. Sellers sideswiped another car but continued fleeing from the responding officers. Ultimately, Sellers pulled off the road and surrendered to the police.

After Sellers was taken into custody, officers searched his vehicle but did not discover any illegal drugs inside of it. However, officers also searched the side of the road along the route where the chase occurred and found a package containing approximately 2.5 pounds of powder cocaine. The package was damaged, consistent with having been thrown from a vehicle.

Sellers was transported to the Glynn County Police Department and advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966). Sellers agreed to speak with the police and allegedly offered to compensate one of the officers if the charges against him were dropped.

Sellers was charged in the State Court of Glynn County with the misdemeanor traffic offense of following too closely. On September 17, 2013, Sellers appeared in

state court with his public defender and a state solicitor and pled guilty to that offense. He was sentenced to three days with credit for time served.

On October 31, 2013, Sellers was indicted in the Superior Court of Glynn County on charges of trafficking in cocaine, possession of cocaine with intent to distribute, abandonment of drugs in a public place, bribery, and fleeing or attempting to elude a police officer. Sellers filed a procedural double jeopardy motion pursuant to OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1), contending that all counts of the indictment should be dismissed as a result of his guilty plea in state court to the misdemeanor traffic offense. Sellers also filed a motion to suppress the cocaine discarded on the side of the road, contending, among other things, that the state trooper unreasonably prolonged the duration of the traffic stop after learning that the car window tint was within legal limits, and that the cocaine was inadmissible as fruit of the unlawful detention.

The superior court conducted evidentiary hearings on both of Sellers's motions. Following the hearings, the superior court denied Sellers's procedural double jeopardy motion, with the exception of the count of fleeing or attempting to elude a police officer, which the court found was barred. The superior court also denied

5

Sellers's motion to suppress. This appeal followed in which Sellers challenges those rulings.[2]

1. Sellers contends that the superior court erred by denying his procedural double jeopardy motion as to the felony charges of trafficking in cocaine, possession of cocaine with intent to distribute, abandonment of drugs in a public place, and bribery. He contends that pursuant to OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1), his plea of guilty to the misdemeanor traffic offense of following too closely in state court barred any subsequent prosecution for the four felony offenses in superior court. We disagree.

The procedural aspect of double jeopardy under Georgia law is set forth in OCGA § 16-1-7 (b), which "requires the State to prosecute crimes in a single prosecution if the crimes (1) arise from the same conduct, (2) are known to the proper prosecuting officer at the time of commencing the prosecution, and (3) are within the jurisdiction of a single court." *Weaver v. State*, 224 Ga. App. 243 (480 SE2d 286) (1997). "A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7

---

[2] The State does not appeal or otherwise challenge the superior court's grant of Sellers's procedural double jeopardy motion on the charge of fleeing or attempting to elude a police officer. Consequently, the propriety of that ruling is not before us.

(b)." *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010). All three prongs of OCGA § 16-7-1 (b) must be satisfied for procedural double jeopardy to bar a second prosecution. Id.

Our focus here is on the second prong of OCGA § 16-7-1 (b), the knowledge of the proper prosecuting officer. In determining what is known to the proper prosecuting officer, our Supreme Court has rejected a constructive knowledge standard and instead has adopted an actual knowledge test. See *Baker v. State*, 257 Ga. 567, 568-569 (361 SE2d 808) (1987). Under the actual knowledge test, the defendant bears the burden of affirmatively showing that the proper prosecuting officer actually knew that there were other crimes arising out of the same conduct as the crime that the officer was prosecuting. See id. See *Powe v. State*, 257 Ga. 563, 563-565 (361 SE2d 811) (1987); *Turner v. State*, 238 Ga. App. 438, 438-440 (518 SE2d 923) (1999); *Honea v. State*, 238 Ga. App. 135, 135-137 (517 SE2d 841) (1999); *Hill v. State*, 234 Ga. App. 173, 175-177 (1) (507 SE2d 3) (1998).

In this case, the proper prosecuting officer was the solicitor who handled Sellers's guilty plea in state court.

The prosecuting officer in the state court is the person whose knowledge matters . . . , because [Sellers's] plea in state court is the proceeding that

7

he claims bars his superior court prosecution. Where a criminal defendant first pleads guilty to a misdemeanor in state court and is later prosecuted in superior court for felony charges allegedly arising out of the same conduct, we look to the knowledge of the state court solicitor to determine if the state court proceedings bar the subsequent superior court proceedings.

*Barlowe v. State*, 286 Ga. App. 133, 134 (648 SE2d 471) (2007). See *Dean v. State*, 309 Ga. App. 459, 461 (711 SE2d 42) (2011); *Etienne v. State*, 298 Ga. App. 149, 150-151 (679 SE2d 375) (2009). Moreover, "[w]hile it may be reasonable to impute the knowledge of one prosecuting officer to others working in the same office, it is not reasonable to do so where two entirely separate prosecuting offices are involved[.]" *Powe v. State*, 181 Ga. App. 429, 431 (352 SE2d 783) (1986), aff'd, *Powe*, 257 Ga. 563. Hence, the knowledge of the assistant district attorney handling the prosecution of Sellers in superior court for the felony offenses cannot be imputed to the solicitor who handled Sellers's guilty plea to the traffic offense in state court. See id.

Based on this precedent, Sellers had the burden of affirmatively showing that the state court solicitor actually knew of the felony offenses arising out of the same

conduct as the traffic offense of driving too closely to which he pled guilty. We conclude that Sellers failed to carry his burden under the circumstances of this case.

Sellers did not call the state court solicitor as a witness at the hearing on his procedural double jeopardy motion. Instead, Sellers argued that the solicitor must have actually known of the felony offenses based on a document entitled "Inmate Charge/Disposition Form" that had been completed by a booking officer at the Glynn County Detention Center (the "disposition form"). There was testimony at the hearing that the customary procedure was for a disposition form to accompany an inmate whenever he or she was taken from the detention center to a courtroom in state court, where the form would be reviewed by the solicitor assigned to the case and the trial judge. The disposition form included a chart for listing offenses with which an inmate had been charged and a separate chart for listing the disposition of those offenses.

The disposition form in this case listed Sellers's offenses as "trafficking in cocaine, illegal drugs, marijuana or methamphetamine" and bribery. It did not list the dates upon which those offenses allegedly had occurred or provide any factual description of the circumstances surrounding those offenses. The separate chart on the form for listing the disposition of the offenses was left blank. The disposition form also included a notation that Sellers had been confined at the detention center

9

since June 6, 2013 and that the form had been completed by the booking officer on September 16, 2013, the day before the plea hearing in state court.

The disposition form was legally insufficient to show that the solicitor handling Sellers's guilty plea in state court actually knew that there were felony offenses arising out of the same conduct as the misdemeanor traffic offense. We reached the same conclusion in *Turner*, 238 Ga. App. at 439, where we held that a "booking history" form, which listed the defendant's pending felony offenses and the date he had been put in jail, was insufficient to show that the solicitor actually knew that those offenses arose out of the same conduct as the misdemeanor traffic offenses to which the defendant pled guilty in state court. We concluded that the actual knowledge test had not been satisfied, although the "booking history" form showed that the defendant "was booked into jail on [the] felony charges on the same date he was booked into jail on the traffic offenses." Id. at 440. We reasoned that the date a defendant is booked in jail "does not necessarily indicate the date an offense was committed," and that the "prosecutor did not know from the booking history when the listed felony offenses occurred, let alone if they arose out of the same transaction as the traffic offenses." Id. Based on the reasoning of *Turner*, we conclude that the disposition form in this case – which simply listed felony offenses (including a

10

vaguely worded drug charge that did not make clear the specific drug at issue) and the date Sellers was initially detained – failed to demonstrate that the state court solicitor actually knew of the felony offenses arising out of the same conduct as the traffic offense.

Sellers also points out that, at the hearing on his procedural double jeopardy motion, he called as a witness an attorney who happened to be present in the courtroom when Sellers pled guilty to the traffic offense. When asked if he had overheard at the plea hearing "any conversation amongst the Court and Mr. Sellers regarding any other situations that he may be facing," the attorney testified, "Yeah, there was some discussion at the bench that Mr. Sellers had bigger problems upstairs was the topic." Because the attorney did not elaborate any further regarding what was discussed at the plea hearing or even mention the state court solicitor, his testimony plainly was insufficient to show that the solicitor actually knew of the other felony offenses arising out of the same conduct as the traffic offense to which Sellers pled guilty. See *Powe*, 257 Ga. at 564-565 (defendant's statement in state court that he had another case pending against him in superior court, without further elaboration, was insufficient to show that the state court solicitor actually knew that the superior court charges arose out of the same conduct as the traffic offense to which the defendant

11

pled guilty); *Banks v. State*, 320 Ga. App. 98, 100 (739 SE2d 414) (2013) (actual knowledge test was not satisfied, where plea hearing transcript reflected "only that the prosecuting attorney had knowledge that [the defendant] could face other charges, not that he had knowledge that the events giving rise to these other charges took place on the same day or at the same location as the [charge to which the defendant pled guilty]").

For the foregoing reasons, we conclude that Sellers failed to provide any evidence that the solicitor who handled his guilty plea to the traffic offense of following too closely had actual knowledge that Sellers committed felony offenses arising out of the same conduct as the traffic offense. The State therefore may proceed with its prosecution of Sellers in superior court on the felony charges of trafficking in cocaine, possession of cocaine with intent to distribute, abandonment of drugs in a public place, and bribery, and the trial court properly denied Sellers's procedural double jeopardy motion with respect to those charges.[3]

2. Sellers further contends that the trial court erred in denying his motion to suppress the cocaine discarded on the side of the road where the police chase

[3] Because Sellers failed to demonstrate that the solicitor had the requisite actual knowledge, we do not reach the question whether the other two prongs of OCGA § 16-1-7 (b) were satisfied.

occurred. According to Sellers, the state trooper unreasonably prolonged the duration of the traffic stop after learning that the window tint on Sellers's vehicle was within legal limits, and the discarded cocaine was the tainted fruit of that unlawful detention.

"It is well settled law that before stopping a car, an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct," and an officer's observation of a traffic violation "provides the necessary facts for such reasonable suspicion." (Punctuation and footnote omitted.) *Beville v. State*, 322 Ga. App. 673, 676 (3) (a) (i) (745 SE2d 858) (2013). Thus, when an officer observes darkly tinted car windows that he reasonably believes fall outside the legally permissible limit, the officer has reasonable, articulable suspicion to initiate a traffic stop. See id.; *Christy v. State*, 315 Ga. App. 647, 651 (1) (727 SE2d 269) (2012). However, once the officer's investigation of the perceived traffic violation is complete, the officer may prolong the detention of the driver only if the officer has "a reasonable, articulable suspicion that the driver was engaged in other illegal activity." (Citation and punctuation omitted.) *Bodiford v. State*, 328 Ga. App. 258, 267 (2) (761 SE2d 818) (2014).

We conclude that even if the state trooper unreasonably prolonged the traffic stop by continuing to detain Sellers after learning that there was no window tint

13

violation, the cocaine that allegedly was discarded after that detention was not "fruit of the poisonous tree" that had to be suppressed by the superior court.

> When examining whether evidence is inadmissible as fruit of an illegal detention, we ask whether the evidence was obtained by exploitation of the prior illegality or instead by means sufficiently distinguishable to be purged of the primary taint. And, significantly, a defendant's commission of a new crime in the presence of law enforcement is an intervening act of free will that purges the taint of any prior illegality.

(Citations and punctuation omitted.) *Walker v. State*, 314 Ga. App. 67, 71 (1) (722 SE2d 887) (2012).

Here, the record, construed in favor of the prosecution, shows that Sellers fled from the traffic stop, engaging the police in a high speed and dangerous car chase in heavy traffic during which he discarded the cocaine from his vehicle.

> Regardless of the propriety of an officer's basis for the execution of a . . . traffic investigative stop, attempting to flee from such stop is a separate crime altogether, i.e., fleeing or attempting to elude a police officer. Such offense does not require that the investigative stop to be proper. The determination of whether there is a legal basis for [an investigative] stop does not belong to the detainee, thereby giving him the right to flee if he determines he is being stopped illegally.

(Citations, punctuation and footnote omitted.) *Reynolds v. State*, 280 Ga. App. 712, 715-716 (1) (634 SE2d 842) (2006). "To hold otherwise could encourage persons to resist the police and create potentially violent and dangerous confrontations." (Citation and punctuation omitted.) *Faulkner v. State*, 277 Ga. App. 702, 705 (1) (627 SE2d 423) (2006). It follows that Sellers's flight from the traffic stop, even if the duration of the stop was unreasonable, was a new crime, and thus constituted an intervening act that purged the taint flowing from any illegality. See id. See also *Walker*, 314 Ga. App. at 71 (1); *State v. Nesbitt*, 305 Ga. App. 28, 34-35 (2) )(a) (699 SE2d 368) (2010) *Faulkner*, 277 Ga. App. at 705 (1); *State v. Stilley*, 261 Ga. App. 868, 871 (584 SE2d 9) (2003). Accordingly, the cocaine discarded on the side of the road during Sellers's flight was admissible, and the superior court did not err by denying the motion to suppress. See id.

*Judgment affirmed. Boggs and Branch, JJ., concur.*