**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 9, 2015**

# In the Court of Appeals of Georgia

A15A1004. THE STATE v. HILL.

BOGGS, Judge.

The State appeals from the trial court's order granting Thomas Landon Hill's plea in bar on the ground of procedural double jeopardy. Because the offenses in question were not known to the proper prosecuting officer, the trial court erred in granting Hill's plea in bar, and we therefore reverse.

On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. Where the evidence is uncontroverted and witness credibility is not an issue, our review of the trial court's application of the law to the undisputed facts is de novo.

(Citation and punctuation omitted.) *State v. Pruiett*, 324 Ga. App. 789, 790 (751 SE2d 579) (2013).

The relevant facts are not in dispute. On February 2, 2013, Hill was involved in an automobile collision with injuries in Savannah. He received uniform traffic citations for DUI, following too closely, and an expired tag. The Chatham County Recorder's Court docket reflects that Hill's counsel entered an appearance in that court on the DUI and following too closely charges on or before April 25, 2013.

The senior deputy clerk of the recorder's court testified that the DUI charges and the charge of following too closely initially were assigned a case report number or "CRN" in the recorder's court. For some unknown reason, however, recorder's court personnel failed to assign any CRN to the expired tag charge. As a result, the expired tag charge became separated from the other charges "at the beginning when they got entered in the system." Because of the failure to assign a CRN to the expired tag charge, it was not "flagged" or identified as a related charge to the other charges. Instead, it simply was placed on the "regular traffic docket."

On October 25, 2013, the DUI and following too closely charges were bound over to the State Court of Chatham County. On December 26, 2013, Hill was charged by accusation in state court with two counts of driving under the influence of drugs,

2

following too closely, and operating a vehicle with an expired tag. But, due to the clerical error, the expired tag charge also remained pending in recorder's court. The deputy clerk testified that cases usually were transferred from recorder's court by a district attorney, who would "come into court and make an announcement in court that the case was either accused or indicted." She believed that, with respect to the DUI and following too closely charges, "an announcement was made in court to send them to State Court." However, she testified that nothing in the recorder's court files indicated that the expired tag charge was accused or indicted by the district attorney's office or that the district attorney did so by announcement in open court.

On March 5, 2014, Hill's counsel entered an appearance in state court, and Hill entered a plea of "not guilty" and demanded a jury trial. On April 28, 2014, trial in state court was set for July 14, 2014. Meanwhile, on June 17, 2014, Hill appeared in recorder's court, purged himself of contempt, and entered a guilty plea to the expired tag charge. The recorder's court deputy clerk testified that no prosecutor or assistant district attorney handles cases on the traffic docket in recorder's court, and that the district attorneys do not receive notice of cases on the traffic docket.

On July 10, 2014, Hill requested a continuance in state court because "[t]he defense anticipates filing a motion based on new circumstances." The State had no

3

objection, and trial was reset for August 11, 2014. On August 6, 2014, Hill filed a plea in bar in state court, contending that his guilty plea in recorder's court caused procedural double jeopardy to attach to the charges in state court under OCGA § 16-1-7 (b). The trial court agreed and dismissed the pending charges, holding on the basis of *State v. Smith*, 259 Ga. 352, 353 (381 SE2d 37) (1989), that the district attorney had actual knowledge of the expired tag charge because it was included in the accusation, and that the State therefore had the obligation to dismiss the charge in recorder's court. This appeal followed.

> Under OCGA § 16-1-7 (b), if several crimes [1] arising from the same conduct are [2] known to the proper prosecuting officer at the time of commencing the prosecution and are [3] within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.

(Citations, punctuation, and footnotes omitted.) *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010). The State acknowledges that all charges against Hill derive from the same conduct and are within the jurisdiction of a single court. We

4

therefore consider only the second prong of the test, knowledge of the prosecuting officer.

"A defendant who asserts a plea in bar pursuant to OCGA §§ 16-1-7 and 16-1-8 bears the burden of affirmatively showing that the prosecuting attorney for the State *who handled the first prosecution* had actual knowledge of the facts supporting the charge allegedly subject to a plea in bar." (Citations, punctuation, and footnote omitted; emphasis supplied.) *Nicely*, supra, 305 Ga. App. at 388 (1). And "[t]he vital question for resolving a plea in bar under OCGA §§ 16-1-7 and 16-1-8 pertains to the prosecuting officer's knowledge of all the charges on the date when the defendant's guilty plea was accepted to fewer than all the crimes arising from his conduct." (Citations and punctuation omitted.) Id. at n.5. See also *Sellers v. State*, 332 Ga. App. 14, 17 (1) (770 SE2d 31) (2015) (court looks to knowledge of prosecuting officer who takes initial guilty plea, because defendant relies on that plea to bar later prosecution.)

Here, the trial court erred in looking not to the first proceeding, but to the later prosecution in state court, to determine the knowledge of the prosecuting officer. In *Dean v. State*, 309 Ga. App. 459 (711 SE2d 42) (2011), we rejected a similar approach. In *Dean*, the defendant committed a series of traffic offenses across two

5

jurisdictions. Some offenses were prosecuted in probate court, while others were transferred from municipal court to the superior court. Dean pleaded guilty to the pending charges in the probate court, then moved to dismiss the superior court charges on the basis of procedural double jeopardy. The trial court denied the motion, and Dean appealed. Id. at 459. We held:

> For OCGA § 16-1-7 (b) to apply, the prosecutor handling the proceedings must actually know of the crimes. According to the State, the knowledge we must consider is that of the district attorney, who is handling the matter in superior court. The question, however, is whether [the defendant's] plea in probate court bars a subsequent prosecution. *The only "knowledge" that matters, therefore, is the knowledge of the prosecutor who handled that plea* — the probate court solicitor.

(Citations omitted; emphasis supplied.) Id. at 461. The solicitor testified that the defendant's counsel informed him during plea negotiations of the pending charges in municipal court.[1] Based upon this testimony, we held that the proper prosecuting

---

[1]We have observed that "the defendant can . . . invoke the procedural protection of § 16-1-7 (b) by the simple act of apprising the proper prosecuting officer of the existence of any crimes arising from the same conduct which are not actually known to that officer." (Citation and punctuation omitted.) *Nicely*, supra, 306 Ga. App 387, 389 n.8 (1).

officer had actual knowledge of all pending charges, and the superior court prosecution was barred. Id. at 461-462.

Similarly, in *Nicely*, supra, the record showed that the district attorney functioned as the prosecuting attorney in both superior and probate courts. We held that the district attorney's actual knowledge of the drug charge in superior court was imputed to the assistant district attorney who represented the State at the probate court hearing at which the defendant entered a guilty plea to a traffic citation. 305 Ga. App. at 390 (1). And in *Smith*, supra, two separate prosecutions – the first by accusation for a traffic offense and the second by indictment for controlled substances charges – were pursued in the same court by the district attorney's office. 259 Ga. at 352. A plea bargain negotiated by an assistant district attorney to the traffic offense barred the prosecution of the remaining charges; the district attorney was the "proper prosecuting officer" because his name appeared on both the accusation and the indictment. Id. at 353.

In contrast, here Hill has failed to meet his burden of demonstrating that a prosecuting officer in the recorder's court, where he entered his guilty plea, had actual knowledge of all the pending charges. In contrast to the facts shown in *Smith*, supra, the name of the district attorney does not appear on the uniform traffic citation,

nor on the records of the recorder's court. In fact, the chief deputy clerk of the recorder's court testified that the traffic docket has no assigned prosecutor or assistant district attorney and that the district attorneys do not receive notice of cases on that docket. The circumstances here are similar to those in *Chandler v. State*, 305 Ga. App. 526 (699 SE2d 840) (2010), in which separate traffic citations were filed in recorder's court for following too closely and DUI. Id. at 526-527. The defendant disposed of the following too closely charge by paying a fine to the clerk of the recorder's court, which we noted was accomplished "without the intervention of a prosecuting officer or a judge." Id. at 528. We held that, even though the solicitor-general prosecuted cases in recorder's court as well as state court, the defendant still had the burden of showing actual knowledge by the solicitor-general of all the charges at the time of the disposition of the charge in recorder's court. Id. Noting that the defendant failed to point to any evidence in the record to show actual knowledge on the part of that officer, we affirmed. Id. at 528.

Hill has not met his burden here. He has not established the identity of the prosecuting officer, if any, at his guilty plea in recorder's court; the court's deputy clerk testified that no prosecutor is assigned to the traffic docket on which Hill's expired tag charge was mistakenly entered. Nor has Hill established that any

8

prosecuting officer in recorder's court was aware of all the pending charges. He therefore has failed to demonstrate actual knowledge of all the pending charges on the part of the proper prosecuting officer. See *Smith*, supra; *Dean*, supra. The trial court accordingly erred in granting Hill's plea in bar.

*Judgment reversed. Doyle, C. J. and Phipps, P. J., concur.*