**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 28, 2016**

# In the Court of Appeals of Georgia

A16A1360. HOLT v. THE STATE.

PETERSON, Judge.

Desmond Delamara Holt appeals the denial of his plea in autrefois convict,[1]
asserting that his pending prosecution for armed robbery and other offenses is barred
by his previous guilty plea and conviction for theft by receiving stolen property. The
State initiated this prosecution following allegations that Holt robbed a woman at
gunpoint, taking her cell phone, purse, and other items and driving away in her car.
Holt protests that the prosecution is barred because he previously pleaded guilty to

---

[1] *See* Akhil Reed Amar, *Double Jeopardy Law Made Simple*, 106 Yale L.J.
1807, 1814 (1997) ("At common law, the double jeopardy idea encompassed two
basic pleas in bar, prior acquittal and prior conviction—in law French, autrefois
acquit de même felonie and autrefois convict de même felonie. The obvious idea here
is that if a person has, on a prior occasion (autrefois) been acquitted or convicted of
the exact same crime (la même felonie) with which he is now charged, he can plead
the previous judgment as a bar to the second indictment.").

theft by receiving the vehicle after police arrested him following a high speed chase in which he was found driving the stolen vehicle days after the alleged robbery. Holt argues that the trial court erred in rejecting his arguments under both constitutional and statutory protections against double jeopardy. We conclude that the trial court did not err in rejecting Holt's argument that the State is collaterally estopped from pursuing the current charges, given the trial court's factual finding that the alleged armed robbery was completed before the vehicle was taken. We also conclude the trial court did not err in rejecting Holt's argument that the State's failure to bring the various charges together bars its pursuit of the current charges, as Holt failed to present evidence that the currently-charged crimes were known to the prosecuting attorney when the earlier prosecution was brought.

"On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion." *State v. Hill*, 333 Ga. App. 785, 785 (777 SE2d 265) (2015) (citation omitted). To the extent that the facts are undisputed, our review of the trial court's application of the law to those facts is de novo. *Id*. (punctuation omitted). The trial court's factual findings are assessed under the

2

standard of clear error. *See Jenkins v. State*, 294 Ga. 506, 508 (1) (755 SE2d 138) (2014).

The record shows that on October 17, 2014, Holt was indicted for theft by receiving stolen property.[2] The indictment alleged that on October 8, 2014, Holt had received and retained a stolen 2003 Chevrolet Impala. On October 27, 2014, Holt pleaded guilty to that charge under *North Carolina v. Alford*, 400 U.S. 25 (91 S. Ct. 160, 27 LE2d 162) (1970).

In June 2015, Holt was indicted for several crimes alleged to have been committed on October 6, 2014.[3] That indictment accused Holt of armed robbery based

---

[2] The record on appeal does not contain basic documents related to the prosecution initiated by indictment on October 17, 2014, such as the indictment, plea hearing transcript, or judgment of conviction. Therefore, our account of those proceedings is based on statements by counsel and the court at the hearing on the plea in bar in this case. Although the indictment and plea hearing transcript are not part of the record before us, it appears that the trial court had the opportunity to review those documents and in fact appeared to read portions of them into the record at the hearing on the motion for plea in bar. The State suggests that Holt's failure to present the trial court with sufficient evidence of the prior conviction was itself fatal to Holt's double jeopardy claims, but we need not answer this question given our resolution of the appeal in the State's favor based on the record before us.

[3] In May 2015, a grand jury had returned an indictment that additionally charged Holt with armed robbery based on allegations that he used a handgun to take a 2003 Chevrolet Impala from the alleged victim and charged him with hijacking a motor vehicle based on the alleged theft of the car. However, after Holt filed a motion to dismiss the indictment along with his plea in autrefois convict, , the trial court nolle

3

on allegations that he used a handgun to take a cell phone and money from the person and immediate presence of the alleged victim.[4] It also charged Holt with theft by taking the phone and money, and aggravated assault based on an allegation that Holt pointed a handgun at the victim while threatening to shoot her and having an intent to rob her. The indictment also charged Holt with possession of a firearm by a convicted felon and possession of a weapon during the commission of a felony.

Holt filed a plea in autrefois convict as to the June 2015 indictment. Holt argued that because he had been convicted and sentenced in the prior case "for crimes arising out of the same facts or occurrences" as the pending charges, prosecution on those charges was barred by both state and federal constitutional prohibitions against double jeopardy, as well as OCGA § 16-1-7 and OCGA § 16-1-8.

Following a hearing on the defense motion, the trial court denied the plea in bar in oral and written rulings. The trial court found that the offenses of which Holt was convicted did not involve "the same conduct or transaction" as the pending charges

_____

prossed the May 2015 indictment on the State's motion.

[4] The name of the victim in this indictment apparently was different from that alleged in the 2014 indictment, but the State represented that this discrepancy was because the person who had been driving the car when it was taken is not the same person who owned the car.

and that the prosecuting attorney in the earlier case "had no actual knowledge" of the offenses alleged in the pending charges. Holt filed this direct pre-trial appeal.

1. Holt first argues that the State is collaterally estopped from prosecuting him for armed robbery and the other pending charges because that prosecution is factually inconsistent with his prior guilty plea to theft by receiving. We disagree.

The doctrine of collateral estoppel is part of the Fifth Amendment's guarantee against double jeopardy, a guarantee that is applicable against the states through the Fourteenth Amendment. *See Clark v. State*, 144 Ga. App. 69, 69 (240 SE2d 270) (1977). "Collateral estoppel . . . may completely bar a subsequent prosecution where one of the facts necessarily determined in the former proceeding is an essential element of the conviction sought." *Malloy v. State*, 293 Ga. 350, 354 (2) (a) (744 SE2d 778) (2013). "The doctrine of collateral estoppel will not bar a retrial unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial; the possibility that it may have been does not prevent the relitigation of that issue." *Roesser v. State*, 294 Ga. 295, 297 (751 SE2d 297) (2013) (citation and punctuation omitted). But "[t]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and

5

rationality; courts should engage in a practical inquiry based on all the circumstances of the proceeding." *Id.* (citation and punctuation omitted).

Holt argued before the trial court that because he previously was convicted of theft by receiving of the stolen vehicle, he cannot now be prosecuted for the armed robbery of the woman who had been driving that vehicle. He notes that the current indictment, in charging him with armed robbery, accuses him of unlawfully taking money and a cell phone from the victim's person through the use of a handgun.[5] He then asserts that the record shows those allegedly stolen items were located inside the vehicle at the time of the alleged robbery. Consequently, he argues, he cannot be found to be the "forceful taker" of the cell phone and money because he already has been adjudicated the "passive receiver" of the car. Holt's argument is unavailing, however, because he has not proven that his prior conviction necessarily established that he did not steal the victim's cell phone and money from her person.

Holt is correct that a conviction for theft by receiving a particular item of property is necessarily premised on a determination that someone other than the defendant took that item. *See Redding v. State*, 192 Ga. App. 325, 326 (2) (384 SE2d

---

[5] More precisely, the indictment accuses Holt of taking the items "from the person and immediate presence" of the victim.

910) (1989). Therefore, the State's prior prosecution of Holt for theft by receiving necessarily determined that he did not steal the Impala. But he currently is charged with stealing different items, specifically the victim's money and cell phone, as well as using a firearm to do so. Holt suggests that the prior determination that he did not steal the car means he cannot be said to have stolen the cell phone and money, either, because they were not taken from the victim's person but were taken by virtue of their location in the vehicle when it was stolen. But the trial court made a contrary factual determination, concluding that it "guess[ed]" the armed robbery took place "at the ATM or on the street." This finding is not clearly erroneous. The State represented to the trial court its understanding that the victim was accosted on the street and that the evidence at trial would show that the armed robbery was completed before Holt made contact with the vehicle she had been driving. Those representations were supported by police reports from officers who responded to the victim's call. One officer reported that the victim told him the suspect had approached her after she used an ATM and was walking back to her car. The officer said the victim told him that the suspect had a handgun and threatened to shoot her if she took another step, whereupon the victim gave the suspect her phone and money, and the suspect took the vehicle she had been driving. Another officer who met with the victim after Holt

7

was apprehended said in her report that the victim identified one of the phones found in the vehicle as the one she was talking on when the suspect approached her. To the extent that other evidence suggested the cell phone and money were in the vehicle all along, , the trial court did not clearly err in resolving this conflict in favor of the State.

We acknowledge that the police reports that are part of the record in this case indicate that the alleged victim told police that the same man who took her cell phone and money also drove off in her car. And we are mindful that, in seeking to determine whether any factual determination made in the prior proceeding precludes the current prosecution, we are to examine the proceedings "with realism and rationality." *Roesser*, 294 Ga. at 297. But we have no testimony from the victim from the prior proceeding, which was resolved with a guilty plea. On this record, we cannot conclude that the prior proceedings definitely determined anything with respect to who stole the victim's phone and money. Collateral estoppel thus does not bar the current prosecution. *Compare State v. Fuller*, 267 Ga. App. 40, 43-44 (599 SE2d 3) (2004) (guilty plea to charge of theft by receiving a stolen vehicle does not bar charge that defendant kidnapped the owner of the vehicle, as the State was "not attempting to relitigate any fact determined in" the prior prosecution), *and Maxey v. State*, 239 Ga. App. 638, 639-40 (2) (521 SE2d 673) (1999) (guilty plea to charge of theft by

8

receiving stolen vehicle does not bar prosecution on charge that defendant burglarized home of the car's owner, as defendant committed the burglary before taking the vehicle, which was not on the premises when he entered the victim's home), *with Clark*, 144 Ga. App. at 69-70 (guilty plea to charge of theft by receiving stolen check writing machine bars charge that defendant perpetrated burglary in which the machine was among the items stolen, as prior conviction necessarily determined that the burglary was committed by someone other than the defendant).

2. Holt also makes a procedural double jeopardy claim on the basis that the current charges should have been prosecuted in the same proceeding as the theft by receiving prosecution. This claim fails, as well.

OCGA § 16-1-7(b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution," except as provided in OCGA § 16-1-7(c), which is not applicable here. OCGA § 16-1-8(b)(1) provides that "[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . , if such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former

9

prosecution (unless the court ordered a separate trial of such charge)[.]" "A second prosecution is barred under OCGA § 16-1-8(b)(1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7(b)." *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010).

The State has not contested that both prosecutions were brought within the jurisdiction of a single court. It does, however, challenge Holt's procedural double jeopardy claim on both the "arising from the same conduct" and "known to the proper prosecuting officer" prongs. Assuming without deciding that the pending charges against Holt "aris[e] from the same conduct" as the theft by receiving conviction does,[6] we conclude that Holt's procedural double jeopardy claim fails because he did not meet his burden to show that the pending crimes were "known to the proper prosecuting officer" when the earlier charge was brought.

In *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987), our Supreme Court rejected a constructive knowledge test for OCGA § 16-1-7(b) and held that the statute applies "only to such crimes which are *actually* known to the prosecuting officer

---

[6] In applying the phrase "the same conduct" as used in OCGA § 16-1-7(b), we have used the phrase interchangeably with the phrase "the same transaction" and considered whether the crimes involved different victims, locations, and times. *See Davis v. State*, 287 Ga. App. 535, 536-37 (652 SE2d 177) (2007).

10

*actually* handling the proceedings." *Id.* at 568-69 (citation and punctuation omitted, emphasis in original). The defendant "bears the burden of affirmatively showing that the prosecuting attorney for the State who handled the first prosecution had actual knowledge of the facts supporting the charge allegedly subject to a plea in bar." *Nicely*, 305 Ga. App. at 388 (1). The phrase "proper prosecuting officer" means the State's prosecuting attorney, not the law enforcement officer who performs the arrest. *Id.* at 388 (1) n.5. Once a prosecutor reads an arrest report and therefore is familiar with a defendant's alleged conduct, the prosecutor is charged with knowledge of the crimes that arise from that alleged conduct. *Billups v. State*, 228 Ga. App. 804, 808 (1) (493 SE2d 8) (1997). Moreover, our Supreme Court has distinguished *Baker* in cases in which the same prosecutor's office handles both prosecutions, holding that a district attorney's knowledge of the charge allegedly subject to a plea in bar may, under some circumstances, be imputed to the assistant district attorney who acted in the DA's place representing the State in the first prosecution. *See State v. Smith*, 259 Ga. 352, 353 (381 SE2d 37) (1989) (DA's name appeared on accusation and the indictments as to all charges); *see also Nicely*, 305 Ga. App. at 390 (1) (DA's name appeared on indictment of allegedly-barred drug charge, which was returned prior to

11

date on which defendant entered the plea on a traffic citation in a proceeding handled by one of the DA's assistant prosecutors).

Here, the trial court found that, in prosecuting Holt for theft by receiving, the prosecutor was not aware of the facts giving rise to the crimes charged now. This finding is not clearly erroneous. We have virtually none of the record from the prior proceeding before us, but the portion of the plea hearing transcript read into the record in this case shows that, when the judge in the 2014 proceeding said she assumed Holt was not the carjacker, the assistant prosecutor replied, "We have no idea as to that fact[.]"[7] And, although there appears to be no dispute that the same district attorney's office handled both prosecutions, there is no evidence in the record that anyone in that office was aware – at the time of the first prosecution – of Holt's involvement in the crimes charged now. *Nicely*, in which we held that a district attorney's knowledge of a cocaine possession charge by virtue of having obtained the indictment on that charge could be imputed to the ADA who represented the State in the prosecution of a related traffic citation, 305 Ga. App. at 390 (1), is

_____

[7] The State appeared to admit at the hearing on the plea in bar that the prosecution was "aware apparently of a hijacking" at the time of the earlier prosecution but did not concede that the prosecution had reason to believe at that time that Holt was the one who committed that hijacking.

12

distinguishable. In that case, the drug indictment was returned before the defendant entered a plea of nolo contendere to the citation for driving with a suspended license. *Id*. at 387. In contrast, Holt was not indicted on the allegedly-barred charges until long after he was charged with and convicted of theft by receiving. *Smith* also is distinguishable in that, as noted in the Court of Appeals opinion affirmed by the Supreme Court, the warrants as to each of the offenses at issue "show[ed] that the other charges were known." *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989). Here, the record contains no evidence as to what any arrest report or warrant associated with the theft by receiving prosecution said. A warrant for the current charges was obtained on October 15, 2014, but it was not executed until April 2015, and there is no evidence that anyone in the DA's office saw that warrant prior to the resolution of the theft by receiving prosecution. Similarly, electronic records from the East Point Police Department indicate that the victim on October 13, 2014, identified Holt as the man who robbed her, but there is no evidence that anyone in the DA's office saw those records – from a different police department than that which apprehended Holt driving the victim's vehicle – prior to resolving the theft by receiving charge. Holt has not met his burden of showing that the crimes currently

13

charged were known to the proper prosecuting officer when Holt was prosecuted for theft by receiving. This failure is fatal to his procedural double jeopardy claim.

*Judgment affirmed. Phipps, P. J. concurs.  Dillard, J. concurs in Division 1 and in the judgment only in Division 2.*

A16A1360. HOLT v. THE STATE.

DILLARD, Judge, concurring fully as to Division 1 and concurring in judgment only as to Division 2.

I concur fully as to Division 1 of the majority opinion. I concur in judgment only as to Division 2 because I do not agree with all that is said in that division of the majority opinion. As a result, Division 2 of the majority's opinion decides only the issues presented in that division and may not be cited as binding precedent. See Court of Appeals Rule 33 (a).

1