**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J, and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 8, 2017**

# In the Court of Appeals of Georgia

A17A0592. MILLSAPS v. THE STATE.                              DO-019 C

DOYLE, Chief Judge.

After pleading guilty in municipal court to reckless driving, resisting an officer, and speeding, Harvest Adam Millsaps appeals from the denial of his motion to dismiss on double jeopardy grounds an accusation brought in superior court alleging separate charges of fleeing or attempting to elude an officer,[1] misdemeanor obstruction of an officer,[2] reckless driving,[3] and speeding.[4] He contends that the trial court erred because (1) the superior court prosecution was barred by OCGA § 16-1-7

---

[1] OCGA § 40-6-395 (a).

[2] OCGA § 16-10-24 (a).

[3] OCGA § 40-6-390 (a).

[4] OCGA § 40-6-181 (b) (5).

(b), and (2) the subsequent offenses were "included in" the former offenses. For the reasons that follow, we affirm.

On appeal from the denial of a motion to dismiss on double jeopardy grounds, we review "the factual findings of the trial court under the standard of clear error, but this Court . . . independently examine[s] the trial court's conclusions of law" de novo.[5]

In this case, the relevant facts are undisputed, and the record shows that on May 22, 2014, the Bartow County Sheriff's Office issued citations to Millsaps for several offenses occurring while Millsaps allegedly led police on a high-speed chase at speeds exceeding 100 miles per hour: fleeing and attempting to elude, reckless driving, and speeding. These offenses allegedly occurred in unincorporated Bartow County. On May 23, 2014, the Emerson City Police Department issued traffic citations to Millsaps for related offenses committed within the city limits: reckless driving, resisting an officer, and speeding.

In March 2015, Millsaps appeared in the Emerson Municipal Court and pleaded guilty to the Emerson citations for reckless driving and resisting an officer, and the speeding offense merged with the reckless driving offense. In June 2015, the

[5] *Jenkins v. State*, 294 Ga. 506, 508 (1) (755 SE2d 138) (2014).

2

State filed an accusation in the Superior Court of Bartow County alleging separate occurrences of fleeing or attempting to elude an officer, obstruction, reckless driving, and speeding. Millsaps then moved to dismiss the accusation on double jeopardy grounds, and, following a hearing, the superior court denied the motion. Millsaps now appeals.

1. Millsaps contends that the trial court erred by concluding that his prosecution was not barred by OCGA § 16-1-7 (b). Under that Code section, when "several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the [first] prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section," which subsection does not apply here.[6]

Millsaps's appeal focuses on the requirement that the prosecuting officer "know" of the other crimes arising from the same conduct. Millsaps's burden is to show in the record "that the prosecuting attorney . . . who handled the first prosecution had actual knowledge of the facts supporting the charge allegedly subject

---

[6] Subsection (c) provides: "When two or more crimes are charged as required by subsection (b) of this Code section, the court in the interest of justice may order that one or more of such charges be tried separately."

to a [double jeopardy defense],"[7] i.e.,the fleeing, obstruction, reckless driving, and speeding that occurred outside of the city limits of Emerson.

Millsaps relies on *Billups v. State*,[8] which held that the prosecutor was expected, "as an expert in the law," to know of the several crimes arising from the facts and evidence actually known to her.[9] Millsaps argues that the municipal court prosecutor had actual knowledge of all of the facts supporting the subsequent charges in superior court, so he argues that the trial court erred by concluding that the municipal court prosecutor did not know of the crimes arising from the same transaction for which he was punished for in municipal court.

Millsaps's argument is not borne out by the record. The evidence in the record is limited to the actual citations issued by the Emerson Police Department and the testimony of the municipal court prosecuting attorney. Those citations make no mention of conduct occurring outside of Emerson, and the prosecutor explained that

---

[7] (Punctuation and emphasis omitted.) *State v. Hill*, 333 Ga. App. 785, 787 (777 SE2d 265) (2015), quoting *Nicely v. State*, 305 Ga. App. 387, 388 (1) (699 SE2d 774) (2010).

[8] 228 Ga. App. 804 (493 SE2d 8) (1997).

[9] Id. at 808 (1) (c) ("The prosecutor in this case read the arrest report[,] and she actually knew all the facts and evidence of appellant's conduct.").

the only way cases come to him is by way of a citation issued by the city. Any state warrants or reports associated with this case did not and would not have gone to him. Therefore, even though each of the offenses at issue in this case arose from the same transaction, there is no evidence that the municipal prosecutor was aware of the factual basis for the offenses occurring outside of Emerson.

In this circumstance, the trial court correctly relied on *State v. Hill*,[10] in which this Court reversed the grant of a plea in bar. In *Hill*, due to a clerical mistake, a citation for having an expired tag was somehow separated from related charges for driving under the influence ("DUI") and following too closely. Hill pleaded guilty to the expired tag charge in recorder's court, whereas the DUI and following-too-closely charges were bound over to the state court. Even though all of those charges arose from the same transaction, the expired-tag file available to the prosecutor in recorder's court did not reveal to that prosecutor the facts supporting the other offenses (DUI and following too closely). Accordingly, this Court held that the trial

_____

[10] 333 Ga. App. 785 (777 SE2d 265) (2015).

5

court erred by concluding that the prosecutor in recorder's court had actual knowledge of the facts supporting the other crimes pending in state court.[11]

As in *Hill*, there is no evidence that the municipal court prosecutor had actual knowledge of the criminal conduct taking place outside of the city limits, however related that conduct was to the Emerson charges.[12] Accordingly, Millsaps's argument is without merit.

2. Millsaps also contends that the second prosecution is barred because those offenses were "included in" the offenses from the former prosecution. Millsaps relies on the "required evidence" test adopted in *Drinkard v. Walker*[13] to argue that the subsequent offenses were included in the former offenses. But that analysis "does not

[11] See id. at 789. See also *Sellers v. State*, 332 Ga. App. 14, 18 (770 SE2d 31) (2015) (holding that a second felony prosecution was not barred because "the disposition form [available in the first prosecution] was legally insufficient to show that the solicitor-general handling Sellers's guilty plea in state court actually knew that there were felony [drug] offenses arising out of the same conduct as the misdemeanor traffic offense.").

[12] See *Sellers*, 332 Ga. App. at 18. Compare *Dean v. State*, 309 Ga. App. 459, 461-462 (711 SE2d 42) (2011) (defense counsel advised prosecutor of other pending charges); *Nicely*, 305 Ga. App. at 390 (1).

[13] 281 Ga. 211, 215 (636 SE2d 530) (2006).

apply unless the *same conduct* of the accused establishes the . . . multiple crimes."[14]

Even though the offenses allegedly were part of the same police chase, the record before us is unclear as to the precise factual predicates of each offense, and it does not show that the superior court accusation is predicated on the same conduct as the municipal offenses. For example, the obstruction and resisting arrest charges each involve different victims, so it is clear that one of those offenses is not included in the other.[15] Also, it appears from the record that the two prosecutions focus on conduct occurring at different points in the police chase, and absent anything in the record clearly demonstrating otherwise, Millsaps has failed at this time to meet his burden to show that any of the superior court offenses were included in the municipal court offenses.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[14] (Emphasis supplied.) *Robertson v. State*, 306 Ga. App. 721, 725 (4) (703 SE2d 343) (2010).

[15] See *Culbreath v. State*, 328 Ga. App. 153, 157 (2) (b) (i) (761 SE2d 557) (2014) (holding that two offenses against two different victims did not merge).